CITY OF ZANESVILLE, APPELLANT, v. SHEETS, APPELLEE, ET AL.

*Michael A. Northrup,* assistant city law director, for appellant.

*Peter N. Cultice,* for appellee Terry W. Sheets.

(No. CA-87-22 — Decided December 22, 1987.)

HOFFMAN, J. The city of Zanesville ("appellant") appeals from the judgment of the Court of Common Pleas of Muskingum County entered June 19, 1987, and raises the following assignment of error:

"It was error to affirm the commission's decision after the results of the polygraph examination had been excluded."

## I

Appellant's sole assignment of error is overruled.

Appellant, city of Zanesville, sought to introduce evidence of the results of a polygraph examination of Patrolman Terry W. Sheets ("appellee") which allegedly indicated that appellee was not truthful when he stated he had not taken or destroyed items of police property.

Appellant argues that Article 50.45 of the Rules and Regulations of the Zanesville Police Department permits the use of a polygraph examination for the purpose of investigations concerning disciplinary actions, and that by failure to admit the polygraph examination into evidence, the civil service commission was unable to consider all the evidence used by the appellant in terminating appellee's employment.

Under Ohio Adm. Code 124-9-01, the Rules of Evidence prevailing in civil actions in Ohio courts of general jurisdiction are adopted for use in hearings before the State Personnel Board of Review.

Ohio law does not allow the results of a polygraph examination to be used as evidence in a criminal case unless the prerequisites of *State* v. *Souel* (1978), 53 Ohio St. 2d 123, 7 O.O. 3d 207, 372 N.E. 2d 1318, are met. Set forth in the syllabus, these prerequisites are:

"The results of a polygraphic examination are admissible in evidence in a criminal trial for purposes of corroboration or impeachment, provided that the following conditions are observed:

"(1) The prosecuting attorney,

defendant and his counsel must sign a written stipulation providing for defendant's submission to the test and for the subsequent admission at trial of the graphs and the examiner's opinion thereon on behalf of either defendant or the state.

"(2) Notwithstanding the stipulation, the admissibility of the test results is subject to the discretion of the trial judge, and if the trial judge is not convinced that the examiner is qualified or that the test was conducted under proper conditions he may refuse to accept such evidence.

"(3) If the graphs and examiner's opinion are offered in evidence the opposing party shall have the right to cross-examine the examiner respecting:

"(a) the examiner's qualifications and training;

"(b) the conditions under which the test was administered;

"(c) the limitations of and possibilities for error in the technique of polygraphic interrogation; and,

"(d) at the discretion of the trial judge, any other matter deemed pertinent to the inquiry.

"(4) If such evidence is admitted the trial judge should instruct the jury to the effect that the examiner's testimony does not tend to prove or disprove any element of the crime with which a defendant is charged, and that it is for the jurors to determine what weight and effect such testimony should be given."

Results of polygraph examinations are also inadmissible in civil cases. *Parker* v. *Friendt* (1954), 99 Ohio App. 329, 69 Ohio Law Abs. 290, 59 O.O. 112, 118 N.E. 2d 216, which continues to be cited as authority and which has not been overruled or modified except for the procedure set forth in *State* v. *Souel, supra,* holds:

"* * * the results of tests made on an apparatus called the polygraph, and known as a lie detector, in its present state of development and operation, general scientific recognition and public acceptance, are inadmissible in evidence during the trial of a cause in a court of law." *Id.* at 338, 69 Ohio Law Abs. at 299, 59 O.O. at 117, 118 N.E. 2d at 222.

Thus, under Ohio law, polygraph examination results are inadmissible as evidence unless the prerequisites of *State* v. *Souel, supra,* are met.

Since the prerequisites of *Souel* have not been met, there being no written stipulation of the appellee for the admission of the examination results and the examiner's opinion, the examination results and opinion were properly excluded by the civil service commission, and the lower court was correct as a matter of law in holding that the results of the polygraph examination are not admissible as evidence in such proceedings under current Ohio law.

*Judgment affirmed.*

MILLIGAN, P.J., and WISE, J. concur.