[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION.
Maurice and Carole Jarman ("the Jarmans") owned a 1991 Acura Integra that was stolen on February 28, 1993. At the time of the theft, the Jarmans owed almost $12,000 on the car loan, were behind in payments on that loan, and were in the process of trying to sell the car in order to avoid default on the loan. On March 3, 1993, the Jarmans' car was found in Covington, Kentucky, destroyed by fire. The car was declared a total loss.
The Jarmans filed a claim with the insurer of their car, Globe American Casualty Co. ("Globe"). After a lengthy investigation by Globe, the Jarmans' claim was denied. Globe informed the Jarmans that its investigation had determined that the Jarmans were either responsible for, or somehow involved in, the theft of the vehicle.
Soon after Globe's decision to deny the claim, the Jarmans were sued by St. Elizabeth's Employee Credit Union ("St. Elizabeth's") for the outstanding balance owed on the car loan, which was approximately $11,800. Since the Jarmans believed that Globe had breached its insurance contract, the Jarmans brought Globe into the lawsuit as a third-party defendant. Prior to trial, the Jarmans confessed judgment in the action brought by St. Elizabeth; however, the Jarmans maintained their claims against Globe. The matter then proceeded to trial before a jury.
A jury found for Globe on the claims of breach of contract and bad-faith denial of the insurance claim. The trial judge entered directed verdicts for Globe on the Jarmans' claims of intentional infliction of emotional distress, defamation, and fraud. The Jarmans now appeal, claiming that the trial judge erred in (1) failing to allow the introduction of polygraph evidence, and (2) failing to allow certain rebuttal testimony from the Jarmans' expert witness. For the following reasons, we hold that the trial judge did not err and overrule the Jarmans' two assignments of error.
The Jarmans' first assignment of error is twofold. The Jarmans assign as error (1) the denial by the trial judge of the introduction of a polygraph test taken by Maurice Jarman, and (2) the failure to rule that Globe had opened the door to the introduction of the polygraph test results through comments made during opening statement. We disagree.
The results of polygraph examinations are subject to a two-step process for admissibility. First, scientific evidence, such as polygraph tests, must be competent evidence under Evid.R. 104(A). Second, the prejudicial effect of the polygraph test results must be weighed against the probative value of those results under Evid.R. 403(A). Since the exclusion of evidence under either Evid.R. 104(A) or Evid.R. 403(A) is a matter left to the discretion of the trial court, we review the exclusion of a polygraph test under an abuse-of-discretion standard.
In reviewing the admission of the results of polygraph tests, the Ohio Supreme Court has set forth certain prerequisites to assist trial judges in making the Evid.R. 104(A) and Evid.R. 403(A) determinations. State v. Souel (1978), 53 Ohio St.2d 123,372 N.E.2d 1318. Those factors also apply in civil cases.Zanesville v. Sheets (1987), 38 Ohio App.3d 24, 525 N.E.2d 842. The prerequisites for the admissibility of polygraph test results are
 1. the parties must stipulate, in writing, to the submission of the test results, including the graphs and opinions of the polygraph examiner; and
 2. notwithstanding the stipulation, the trial court may exercise its discretion to exclude the results if the testing conditions are suspect or if the trial court determines that the polygraph examiner is unqualified.
If the foregoing prerequisites are met, then the trial judge must allow the party opposing the evidence the opportunity to cross-examine the polygraph examiner and must instruct the jury regarding the weight of the evidence presented by the polygraph examiner. Furthermore, if the polygraph examiner's data are no longer available for review by the trier of fact, the competency of the results are then considered suspect and the results should be excluded under Evid.R. 104(A). See Mers v. Dispatch PrintingCo. (1988), 39 Ohio App.3d 99, 529 N.E.2d 958.
In this case, neither of the two prerequisites have been met. First, no stipulation existed between the parties regarding the use of the polygraph examination taken by Maurice Jarman. Second, the polygraph examiner, in his deposition transcript, stated that all of the data obtained by him were destroyed pursuant to his retention policy. Since no stipulation between the parties existed and no data were available for review by the trial judge, the trial judge did not abuse her discretion in excluding the results of Maurice Jarman's polygraph examination.
Having decided that the polygraph examination was not admissible, we need not determine whether Globe opened the door to allow for the admission of the polygraph results. Therefore, we overrule the Jarmans' first assignment of error.
The Jarmans' second assignment of error asserts that the trial court erred in refusing to allow their expert witness, Andrew Vance, to testify in rebuttal to Globe's expert witness, Richard Pacheco. The Jarmans claim that their expert should have been allowed to testify to the fact that it was possible for a person to pick the ignition of an Acura Integra and to operate the vehicle without a key. We disagree.
The plaintiff always bears the burden of proof and must fully present all evidence during its case-in-chief. R.C. 2315.01;Phung v. Waste Management, Inc. (1994), 71 Ohio St.3d 408,644 N.E.2d 286. The plaintiff may not present rebuttal evidence unless the rebuttal evidence pertains to matters first addressed in the defendant's case-in-chief. Id.; Katz v. Enzer (1985),29 Ohio App.3d 118, 504 N.E.2d 427.
In this case, the burden was on the Jarmans to prove that Globe had breached its insurance contract with the Jarmans. In order to do that, the Jarmans had the burden to prove that they presented a valid claim for their insurance, in this case the fact that their car was stolen. Since the Jarmans maintained all along that they had possession of the keys to their vehicle, the Jarmans had to demonstrate to the jury either that whoever stole their car had a duplicate key or that the ignition was picked. Since the Jarmans should have first addressed in their case-in-chief the issue of whether the lock was picked, they could not first address that issue in rebuttal.
Furthermore, a trial judge has discretion to exclude evidence that may be cumulative. Evid.R. 403(B). Globe's expert admitted that the Acura Integra ignition could be picked, but not easily. The admission of testimony by the Jarmans' expert would not have rebutted any testimony from Globe's expert, because Globe's expert admitted that the Acura Integra ignition could be picked, which was consistent with the Jarmans' proffer as to what their expert would have testified to. Thus, the testimony by the Jarmans' expert would have been cumulative.
The testimony of the Jarmans' expert should have been brought in the Jarmans' case-in-chief. Furthermore, the expert's testimony would have been cumulative evidence since Globe's expert admitted that the car's ignition could have been picked. Therefore, the trial judge did not abuse her discretion in denying the Jarmans the opportunity to present Andrew Vance as an expert witness in rebuttal to the testimony of Richard Pacheco. The second assignment of error is overruled.
Based upon the foregoing, the judgment of the trial court is affirmed.
Judgment affirmed.
 Doan, P.J., and Hildebrandt, J., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.