[Cite as *Krohn v. Krohn*, 2017-Ohio-408.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Charles Krohn

    Appellee

v.

David Krohn

    Appellant

Court of Appeals No. L-16-1068

Trial Court No. CVG-15-11930


**DECISION AND JUDGMENT**

Decided:  February 3, 2017

* * * * *

Mollie B. Hojnicki-Mathieson, for appellee.

David Krohn, pro se.

* * * * *

**JENSEN, P.J.**

{¶ 1} Defendant-appellant, David Krohn, appeals judgment entries of the Toledo Municipal Court denying his Civ.R. 60(B) motion for relief from judgment in a forcible entry and detainer action; granting a Civ.R. 12(B)(6) motion to dismiss his counterclaim against plaintiff-appellee, Charles Krohn; and granting, in part, an R.C. 2323.51 motion

for sanctions. For the reasons that follow, the decisions of the trial court are affirmed, in part, and reversed, in part. The matter is remanded to the trial court for proceedings consistent with our decision.

{¶ 2} On July 29, 2015, Charles Krohn placed a three-day notice to evict on the door of 1721 Delmonte Drive, Toledo, Lucas County, Ohio. The notice instructed David Krohn (Charles' son), to vacate the premises on or before August 3, 2015. A copy of the notice was sent by certified mail, return receipt requested, to the property address.

{¶ 3} On August 11, 2015, Charles filed a form "COMPLAINT IN FORCIBLE ENTRY AND DETAINER FOR PAST DUE RENT AND OTHER MONEY DAMAGES." The two-count complaint sought restitution of the Delmonte Drive premises and unspecified monetary damages. In his complaint, Charles alleged that his "tenant" was in default of a rental agreement because of "Property Abandonment." Charles explained, "Defendant was working on house and moved in without permission. He then abandoned house but left his car in driveway and some items in garage."

{¶ 4} On August 14, 2015, the clerk sent a summons and a copy of the complaint to David at the Delmonte Drive address. The bailiff attempted personal service at the premises on August 18, 2015, but was unable to locate anyone. Therefore, he posted the summons and complaint on the door.

{¶ 5} Charles appeared at the August 25, 2015 eviction hearing. David did not. A brief discussion was held on the record:

2.

THE COURT: Charles Krohn, do you own the premises at 1721 Delmonte Drive in Toledo?

CHARLES KROHN: Yes, yes.

THE COURT: And David Krohn occupies your premises by moving in without your permission is what your complaint says?

CHARLES KROHN: Yes.

THE COURT: And did you serve them with a copy of the Notice that you attached to your complaint?

CHARLES KROHN: Yes, sir.

THE COURT: It's dated July 29th. That would have been the date that you served the Notice?

CHARLES KROHN: Yes, sir.

THE COURT: Very Well. I'm granting you possession of the premises. You can purchase a writ in the basement in the clerk's office today if you wish.

The magistrate entered a decision that David had been in default of an oral lease agreement since August 10, 2015. The magistrate further found that David was lawfully served with the notice to vacate and that Charles was entitled to possession of the Delmonte Drive premises. Later that day, the trial court adopted the magistrate's decision and issued a final appealable order. Charles was awarded possession of the property. A writ of restitution was journalized August 31, 2015. The case was continued

3.

until September 22, 2016, to address the second cause of action, a claim for monetary damages.

{¶ 6} On September 17, 2015, David, pro se, filed a motion for relief from judgment alleging lack of proper service and arguing the complaint was made up of "false vindictive statements." The motion was denied in an entry dated September 22, 2015. A pretrial was scheduled for November 2, 2015.

{¶ 7} On September 22, 2015, David filed a counterclaim in the amount of $16,200 alleging "the actions brought against me are false" and seeking "damages and lose [sic] of use, plus costs." On the same day, David filed an answer to the second cause of action asserting:

> Defendant owes Plaintiff nothing for rent or damages, I have proof of this which will be presented in court. The Plaintiff can prove that this cause of action is nothing more than a LIE brought against him by his sister for her own financial gain. This family dispute is much more than meets the eye of this court. Therefore I pray that this court give me my day in court to prove the false actions being claimed against me.

{¶ 8} On October 6, 2015, attorney John C. Intagliata entered his appearance as counsel of record for Charles. At Intagliata's request, the November 2, 2015 pretrial was continued until December 7, 2015.

{¶ 9} At the December 7, 2015 pretrial, the parties indicated that settlement was not likely. Trial was scheduled for January 11, 2016.

4.

{¶ 10} On December 8, 2015, David moved to amend his counterclaim to include allegations that Charles violated various sections of the Ohio Landlord-Tenant Act. The trial court denied David's request.

{¶ 11} On December 9, 2016, David filed a motion for default judgment alleging Charles failed to file a timely reply to the counterclaim in violation of Civ.R. 12(A)(2).

{¶ 12} On December 16, 2015, Charles filed an answer denying the allegations set forth in the counterclaim.

{¶ 13} On December 17, 2015, David filed a renewed motion for relief from judgment. Here, as in the first motion to vacate, David alleged lack of proper service and argued that the complaint was made up of "false vindictive statements." Charles filed a memorandum in opposition.

{¶ 14} On January 8, 2016, David filed a motion asking the court to require Charles to take a polygraph and allow the results be used as evidence "to ensure that the truth will be told." Charles filed a response on January 22, 2016. David filed a reply on February 10, 2016.

{¶ 15} On February 12, 2016, David filed a motion for default judgment. He alleged that Charles "failed to follow" Civ.R. 12(A)(2).

{¶ 16} A pretrial was held February 18, 2016. The parties were ordered to complete any and all discovery by 4:30 p.m. on February 24, 2016. The trial court denied David's motion to amend the counterclaim, denied David's second motion to vacate, and

5.

denied David's motion for polygraph. The trial court also denied Charles' motion to strike the counterclaim.

{¶ 17} On February 23, 2016, Charles filed a Civ.R. 12(B)(6) motion to dismiss David's counterclaim and a motion for attorney fees.

{¶ 18} On March 1, 2016, the trial court issued a judgment entry granting Charles' motion to dismiss David's counterclaim and set a hearing on Charles' motion for attorney's fees. At the hearing, counsel alleged that "many hours" were spent responding to "frivolous" motions including the motion for polygraph examination. Counsel further asserted that the "entire counterclaim * * * was nothing more than a vengeful exercise against [Charles] as retaliation for his testimony in [David's] divorce trial in Wood County." On March 8, 2016, the trial court issued a judgment entry in the amount of $2,397.50 granting in part, and denying, in part, Charles' request for attorney fees. The court explained that there was "insufficient evidence" to award fees as a sanction under R.C. 2323.51 as to the entire counterclaim, but found the motion for polygraph examination frivolous conduct under R.C. 2323.51.

{¶ 19} On March 10, 2016, the trial court sua sponte "closed" the second cause of action after having found that it was "MISTAKENLY ENTERED AS NOT REQUESTED."

{¶ 20} David now appeals assigning the following errors for our review:

1. The trial court erred in law and abused its discretion by denying the Defendant the due process of law.

6.

2. The trial court erred in law and abused its discretion in granting the motion to dismiss, because it was under prejudice against the defendant.

3. The trial court erred in law and abused its discretion in following [R.C.] 2323.51.

4. The trial court erred in law and abused its discretion in denying defendant's motion to vacate the eviction, based on fraud.

## First Assignment of Error

{¶ 21} In his first assignment of error, David asserts "[t]he trial court erred in law by not following the Fifth and Fourteenth Amendments to the United States Constitution." He then cites a number of cases interpreting and explaining the Constitution's due process clauses. David fails, however, to point to any portion of the record, or to assert any legal or factual argument relating to the case before us. Under App.R. 16(A)(7), an appellant's brief must contain "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." While we appreciate David's solicitude, we are not inclined to make a due process argument for him. Thus, appellant's first assignment of error is not well-taken.

## Second Assignment of Error

{¶ 22} In his second assignment of error, David asserts that the trial court erred when it granted Charles' Civ.R. 12(B)(6) motion to dismiss. We agree.

7.

**{¶ 23}** Civ.R. 12(B)(6) authorizes a party to assert, by motion, that a pleading—complaint, counterclaim, crossclaim, or third-party claim—fails to state a claim upon which relief may be granted. When considering a Civ.R. 12(B)(6) motion to dismiss, "a trial court may consider only the statements and facts contained in the pleadings." *Wash. Mut. Bank v. Beatley*, 10th Dist. Franklin No. 06AP-1189, 2008-Ohio-1679, ¶ 13.

**{¶ 24}** In its March 1, 2016 entry dismissing David's counterclaim, the court indicated that "[a]fter reviewing this case extensively," it had come to the conclusion that David's counterclaim fails to state a claim upon which relief can be granted. The court reasoned that "[t]his matter seems to have risen out of a family dispute and now this Court is being used as a pawn to get back at Plaintiff for testifying against Defendant in a divorce proceeding out of Wood County." Two days later, the trial court conducted a hearing on Charles' request for attorney fees. In a judgment entry granting Charles' request, the trial court proclaimed that "[t]he Defendant's failure to disclose discovery material delayed this Court in its decision on dismissing the counterclaim."

**{¶ 25}** Civ.R. 12(B) provides that "[w]hen a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." While the Rules of Civil Procedure allow a trial court to convert a Civ.R. 12(B)(6) motion to dismiss into a motion for summary judgment, it cannot do so without giving notice to the parties of its intent.

8.

Thus, a trial court may not consider or rely on evidence outside the pleadings unless it notifies the parties that it is converting the Civ.R. 12(B)(6) motion to dismiss into one for summary judgment. *Petry v. Simon*, 4 Ohio St.3d 154, 447 N.E.2d 1285 (1983), paragraph one of the syllabus.

{¶ 26} In dismissing David's counterclaim, the trial court expressly relied on evidence outside the pleadings without giving notice to the parties of its intent to do so. This error requires us to reverse the trial court's judgment entry granting Charles' Civ.R. 12(B)(6) motion. *Eichenberger v. Woodlands Assisted Living Residence, LLC*, 10th Dist. Franklin No. 12-AP-987, 2013-Ohio-4057, ¶ 19 ("Failure to notify the parties that the court is converting a Civ.R. 12(B)(6) motion to dismiss into one for summary judgment is, itself, reversible error."). Thus, David's second assignment of error is well-taken.

### Third Assignment of Error

{¶ 27} In his third assignment of error, David first argues that the trial court abused its discretion when it determined that his filing of a motion for polygraph examination was frivolous conduct in violation of R.C. 2323.51. Second, David argues that the amount awarded was arbitrary and unrelated to fees incurred because of the alleged frivolous conduct.

{¶ 28} "[N]o single standard of review applies in R.C. 2323.51 cases." *Namenyi v. Tomasello*, 2d Dist. Greene No. 2013-CA-75, 2014-Ohio-4509, ¶ 19, quoting *Wiltberger v. Davis*, 110 Ohio App.3d 46, 51, 673 N.E.2d 628 (10th Dist.1996). "When the question regarding what constitutes frivolous conduct calls for a legal determination,

9.

such as whether a claim is warranted under existing law, an appellate court is to review the frivolous conduct determination de novo, without deference to the trial court's decision." *Grove v. Gamma Ctr.*, 3d Dist. Marion No. 9-14-29, 2015-Ohio-1180, ¶ 67, citing *Nat'l Check Bureau, Inc. v. Patel*, 2d Dist. Montgomery No. 21051, 2005-Ohio-6679, ¶ 10. "If the trial court determines that a violation of R.C. 2323.51 exists, the trial court's imposition of sanctions for said violation will not be disturbed absent an abuse of discretion." *Id.* at ¶ 68 (citations omitted). "An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable." *Id.*, citing *State ex rel. Worrell v. Ohio Police & Fire Pension Fund*, 112 Ohio St.3d 116, 2006-Ohio-6513, 858 N.E.2d 380, ¶ 10.

{¶ 29} The imposition of sanctions under R.C. 2323.51 first requires a finding of frivolous conduct. R.C. 2323.51(B)(1) provides:

> [A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal.

{¶ 30} "Frivolous conduct" is the conduct of a party to a civil action that satisfies, in relevant part, any of the following:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose,

10.

including but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief. R.C. 2323.51(A)(2)(a).

{¶ 31} Here, the trial court deemed David's filing of a motion for polygraph examination frivolous conduct under R.C. 2323.51(A)(2)(a)(iii). The test to determine whether conduct is frivolous under R.C. 2323.51(A)(2)(a)(iii) is "whether no reasonable lawyer would have brought the action in light of the existing law." *Village of New Lebanon v. Krahn*, 2d Dist. Montgomery No. 26659, 2015-Ohio-4791, ¶ 76, citing *Namenyi, supra*, at ¶ 18. "R.C. 2323.51 applies an objective standard in determining frivolous conduct, as opposed to a subjective one." *Crenshaw v. Integrity Realty Gro*up, LLC, 8th Dist. Cuyahoga No. 100031, 2013-Ohio-5593, ¶ 8, citing *Hardin v. Naughton*,

8th Dist. Cuyahoga No. 99182, 2013-Ohio-2913, ¶ 14. "The finding of frivolous conduct under R.C. 2323.51 is determined without reference to what the individual knew or believed." *Id.* (citation omitted).

{¶ 32} We find that David's conduct—the filing of a motion asking the court for an order demanding Charles take a polygraph examination "to ensure that the truth will be told"—was not warranted under existing law and cannot be supported by a good faith argument for the establishment of new law. In general, the results of a polygraph examination are inadmissible in civil cases. *See Zanesville v. Sheets*, 38 Ohio App.3d 24, 25, 525 N.E.2d 842 (5th Dist.1987). There is no exception that would apply in this case. Thus, the conduct is frivolous under R.C. 2323.51(A)(2)(a)(ii). David's first argument under his third assignment of error is not well-taken.

{¶ 33} In his second argument under his third assignment of error, David asserts that Charles failed to prove that the amount of attorney's fees awarded was related to the alleged frivolous conduct, and failed to prove that the fees sought were reasonable.

{¶ 34} "The decision whether to assess a penalty for frivolous conduct lies within the court's sound discretion." *Foland v. City of Englewood*, 2d Dist. No. 22940, 2010-Ohio-1905, ¶ 68, citing *Bittner v. Tri-County Toyota, Inc.,* 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991). Under R.C. 2323.51(B)(1), "[t]he court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, and the award may include reasonable attorney's fees * * * incurred in connection with the civil action or appeal." R.C. 2323.51(B)(1).

12.

**{¶ 35}** While the moving party is required to prove the reasonableness of the requested attorney fees, he is not required to prove that the amount of attorney fees requested is directly related to or necessitated by the frivolous conduct. *See Mid-Ohio Mech., Inc. v. Eisenmann Corp.*, 5th Dist. Guernsey Nos. 07 CA 000035, 08 CA 00012, 2009-Ohio-5804, ¶ 157 (holding that an amendment to R.C. 2323.51 in 1996 "removed the requirement that fees be necessitated by the frivolous conduct, and replaced it with language allowing a party to recover attorney's fees 'reasonably incurred' by a party in a civil action."). The statute only prohibits the trial court from awarding an amount that exceeds the amount of attorney fees "reasonably incurred by a party." *See* R.C. 2323.51(B)(3).

**{¶ 36}** In this case, Charles' attorney, John C. Intagliata, submitted a fee statement at the hearing on the motion for sanctions. The statement included itemized notations on services rendered. The details set forth in the statement were sufficient to permit the trial court to render an informed opinion regarding the reasonableness of the fees. *See Lozada v. Lozada*, 11th Dist. Geauga No. 2012-G-3100, 2014-Ohio-5700, ¶ 61; *see also* R.C. 2323.51(B)(5)(a)(2) (allows a party's counsel to submit, for consideration in determining the amount of the reasonable attorney's fees, an itemized list of the legal services rendered and the time expended in rendering the services). While the amount of fees awarded to Charles for David's frivolous conduct is high, it is not so high as to shock the conscience. "It is well settled that where a court is empowered to award attorney fees by statute, the amount of such fees is within the sound discretion of the trial court. Unless

13.

the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere." *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991), quoting *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.*, 23 Ohio App.3d 85, 91, 491 N.E.2d 345 (12th Dist.1985). As a result, we find that the trial court did not abuse its discretion in awarding the $2,397.50 sanction. David's second argument under his third assignment of error is not well-taken.

## Fourth Assignment of Error

{¶ 37} In his fourth assignment of error, David contends that the trial court abused its discretion and violated his right to due process when it denied his motions to vacate the judgment entry granting possession of the subject property.

{¶ 38} In his September 17 and December 18, 2015 motions, David argued: (1) service of summons was not perfected because Charles failed to instruct the bailiff to serve him at his "current address"; (2) Charles removed the copy of the summons placed on the Delmonte Drive door "in order to conceal and defraud" David; (3) Charles never served David with any notice pursuant to R.C. 1923.04; (4) Charles tampered with David's mail "to keep him from getting his mail as delivered"; (5) the allegations set forth in Charles' complaint are false and made "by other family members" for their own financial gain.

{¶ 39} "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal

14.

absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶ 40} To prevail on a Civ.R. 60(B) motion for relief from judgment, "the movant must demonstrate that:  (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds set out in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 41} Here, David does not assert a meritorious defense to the allegations set forth in the first count of the complaint (i.e., that he was a tenant of the premises in default of his lease agreement).  Rather, he simply asserts that the allegations are "all false vindictive statements."  No explanation is provided for this assertion, and no facts are set forth in support of David's position.  "A 'meritorious defense' means a defense 'going to the merits, substance, or essentials of the case' and for purposes of vacating a default judgment, it refers to allegations which, 'if established on trial, would constitute a complete defense to the action * * *.'" *Wayne Mut. Ins. Co. v. Marlow*, 2d Dist. Montgomery No. 16882, 1998 Ohio App. LEXIS 2378 (June 5, 1998), citing *Black's Law Dictionary*, abridged, 290 (6 Ed.Rev.1991).  "The burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality."  General denials that allegations set forth in the complaint are true, without any elucidation, are insufficient to warrant relief under Civ.R. 60(B). *UBS Real*

15.

*Estate Sec., Inc. v. Teague*, 191 Ohio App.3d 189, 2010-Ohio-5634, 945 N.E.2d 573, ¶ 24 (2d Dist.).

{¶ 42} Because David did not satisfy the first prong of the *GTE Automatic Electric, Inc.* test when moving for relief under Civ.R. 60(B), we need not consider the validity of his argument under the second and third prongs of the test.  The trial court did not abuse its discretion in denying David's motions for relief from judgment. David's fourth assignment of error is not well-taken.

## Conclusion

{¶ 43} For the reasons set forth above, the decision of the Toledo Municipal Court granting sanctions against David Krohn in the amount of $2,397.50 is affirmed; the judgment entry granting Charles Krohn's Civ.R. 12(B)(6) motion to dismiss is reversed; and the judgment entry denying David Krohn's Civ.R. 60(B) motion for relief from judgment is affirmed.  The matter is remanded for proceedings consistent with this decision.

{¶ 44} There were reasonable grounds for this appeal.  It is ordered that the parties split the costs of this appeal pursuant to App.R. 24.

Judgments affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                        _____

                                                         JUDGE

Stephen A. Yarbrough, J.

                                           _____

James D. Jensen, P.J.                             JUDGE
CONCUR.

                                           _____

                                                         JUDGE