[Cite as *Tillimon v. Pennington*, 2017-Ohio-48.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Duane Tillimon                                    Court of Appeals No. L-16-1056

      Appellant                               Trial Court No. CVG-01-16811

v.

Karen Pennington, et al.                          **DECISION AND JUDGMENT**

      Appellees                               Decided: January 6, 2017

* * * * *

Duane Tillimon, pro se.

Howard B. Hershman, for appellee.

* * * * *

**JENSEN, P.J.**

{¶ 1} Plaintiff-appellant, Duane J. Tillimon, appeals the February 16, 2016 judgment of the Toledo Municipal Court, granting relief from judgment in favor of defendants-appellees, Karen Pennington and Sean Pennington. For the reasons that follow, we affirm.

# I. Background

{¶ 2} Plaintiff-appellant, Duane J. Tillimon, and defendants-appellees, Karen Pennington and Sean Pennington, entered into a land installment contract dated March 21, 1997, for the property located at 16 Van Buren Avenue in Toledo, Ohio. In October of 2001, Tillimon filed a landlord's complaint in the Toledo Municipal Court, alleging that the Penningtons defaulted on their payment obligations beginning August 7, 2001. Tillimon alleged that he was owed payment of $45,898.21 for "vacancy loss, rerental expenses, cleaning, repairs, utility expenses and maintenance until the property is rerented or available for rerental." He also sought "restitution of the premises, and judgment for $15,000 or the amount proven due for vacancy loss, rerental expenses, cleaning, repairs, utility expenses and maintenance until the property is available for rental, rerented or the lease expires and $19.25/day for use of the premises since July 1, 2001."

{¶ 3} The Penningtons were each served with two summons. One was for the first cause of action— the action for forcible entry and detainer—and the other was for the second cause of action—the civil action seeking a money judgment of $15,000. The parties ultimately executed a consent judgment entry tendered to the court on November 29, 2001, approved by the court on December 4, 2001, and journalized on December 14, 2001.

{¶ 4} The consent judgment entry provided, in pertinent part, as follows:

2.

Defendants Karen S. Pennington and Sean M. Pennington consent to judgment for possession on the first cause of action in this forcible entry and detainer action with a writ of restitution to issue upon payment.

Defendants agree to cancellation of the Land Installment Contract dated March 21, 1997 * * *.

Plaintiff Duane J. Tillimon agrees to stay the execution of the writ of restitution until November 30, 2001.

Plaintiff Duane J. Tillimon agrees to vacate this judgment and dismiss this lawsuit if the Defendants comply with the following terms and conditions of this Consent Judgment Entry:

Defendants Karen S. Pennington and Sean M. Pennington agree to the following:

* * *

5. The failure to comply with this agreement after this lawsuit is dismissed shall constitute a violation and breach of the land installment contract the subject of this lawsuit. [sic]

6. The Defendants agree to pay Plaintiff $2298.00 no later than November 1, 2001 which payment shall constitute payment of the land contract payments due for August, September, October and November 2001 plus the court costs of this action.

3.

{¶ 5} Almost 14 years passed with no activity on the case. On June 8, 2015, Tillimon filed a certificate of judgment in the municipal court. A month later, he filed a motion for conditional revivor, representing that he had recovered a judgment against the Penningtons in the amount of $2,298 plus 10 percent interest, that no execution had been issued on the judgment for five years, and that the judgment remains unpaid in full. He requested that the judgment be revived. He filed a praecipe with the clerk of court for service of the motion.

{¶ 6} Neither Karen nor Sean Pennington responded to the motion, and on August 14, 2015, the trial court granted Tillimon's motion. The judgment of conditional revivor provided the Penningtons 28 days from the date of service by which to contact the clerk of court to request a hearing to show cause why the December 14, 2001 judgment should not be revived. It explained that after the 28-day period expired, the judgment would stand revived and the Penningtons would have no further right to object to its being revived. The Penningtons failed to respond, and in an order journalized on September 22, 2015, the trial court entered a final order reviving the December 14, 2001 judgment. Tillimon began collection efforts.

{¶ 7} On October 28, 2015, the Penningtons filed a motion seeking reconsideration, relief from judgment, and a stay of proceedings. Their primary position was that while the consent judgment entry recited their agreement to pay a certain sum of money, it was not a final judgment because "it contains no direction, order, or judgment, as to the result if the payment were not made, nor any direction as to how plaintiff might

4.

proceed if he were aggrieved by the failure of payment." They claimed that without a final order or judgment (1) Tillimon has no right to execution, (2) there is no judgment to revive, and (3) the limits of Civ.R. 60 do not apply. They insisted that Tillimon must establish a default before he can obtain a final judgment—if he is even entitled to judgment after taking no action for almost 14 years.

{¶ 8} Alternatively, the Penningtons urged that if the court were to find that the consent judgment entry was a final judgment, they were entitled to relief from that judgment under Civ.R. 60(B)(4) because the judgment has been satisfied, released or discharged, or it is no longer equitable that the judgment should have prospective application. They asserted that Tillimon was paid in full many years ago and that subsequent to the filing of the case, they acquired other causes of action against Tillimon to which they may claim a setoff.

{¶ 9} Tillimon opposed the Penningtons' motion. His basic contentions were that the Penningtons failed to appeal or otherwise challenge the consent judgment, they failed to object to the order reviving the consent judgment, they failed to meet their burden under Civ.R. 60(B), the doctrine of laches barred their challenge, and the consent judgment entry was a valid judgment on the merits and was, therefore, a final appealable order.

{¶ 10} On January 7, 2016, the trial court denied the Penningtons' motion by entry on the docket with no written decision. Eight days later, the Penningtons filed a motion for relief from judgment and stay of proceedings. They clarified that they were seeking

5.

relief not from the 2001 judgment, but from the 2015 order reviving the 2001 judgment. They maintained that the 2001 consent judgment entry purported to dispose of the claim for possession of the property, but it was not a money judgment that was capable of being revived. They also relied on Civ.R. 60(A) and (B) in support of their motion.

{¶ 11} The Penningtons argued that their consent to the 2001 judgment was merely a consent to judgment on count one—the claim for possession in the forcible entry and detainer action. They emphasized that the second count of the complaint—which sought a money judgment—was not addressed in the consent judgment entry. They explained that the consent judgment entry outlined six conditions that, if performed, would lead Tillimon to vacate the judgment for possession and dismiss the lawsuit. The consequence of failing to perform those conditions was that Tillimon would not vacate the judgment for possession and would not dismiss the lawsuit. They emphasized that there was never a money judgment entered on the second count and surmised that that count of the complaint was no longer viable given Tillimon's failure to prosecute the claim for nearly 14 years.

{¶ 12} The Penningtons also relied on Civ.R. 60(A), (B)(3), and (B)(4) in support of their motion. As to Civ.R. 60(A), the Penningtons characterized the revivor order as a clerical mistake capable of correction. They contended that the order reviving the action was "rubber-stamped" and that the trial court failed to realize that there was no judgment to revive.

6.

{¶ 13} The Penningtons also claimed that they were entitled to relief from judgment under Civ.R. 60(B)(3) because Tillimon misrepresented to the court that he held a valid judgment against them when in fact the judgment pertained only to the claim of restitution for the real estate and not a money judgment upon which execution might issue. They contended that even that judgment was not self-executing because a hearing would be required to determine whether the conditions had, in fact, been breached. They claimed that while the judgment entry indicated that a sum of money was owed, it did not order relief and was, therefore, not final and appealable.

{¶ 14} The Penningtons also argued that they were entitled to relief under Civ.R. 60(B)(4) on the ground that the judgment has been satisfied, released, or discharged, or it is no longer equitable that the judgment should have prospective application, because Tillimon was paid in full and the Penningtons acquired causes of action against him.

{¶ 15} Tillimon responded that the Penningtons' arguments in their January 15, 2016 motion were identical to those made in their October 28, 2015 motion which had already been denied. He claimed "the issue of whether there was a money judgment awarded on December 4, 2001 is a valid judgment [sic] is now 'res judicata.'" He denied that the revivor order had been "rubber stamped," and insisted that there was no evidence that the December 4, 2001 judgment had been paid in full. He emphasized that the Penningtons failed to oppose the motion to revive judgment, and he characterized the Penningtons' motion as an attempt to circumvent the appeal process.

7.

{¶ 16} In a judgment entry journalized on February 16, 2016, the trial court granted the Penningtons' motion and vacated the order of revivor. The court concluded that the consent judgment entry was unclear as to what the parties had agreed upon, leaving open to interpretation whether a money judgment existed. Reviewing the language of the consent judgment entry more carefully, the trial court interpreted that the $2,298 was for back rent and that payment of that back rent was "a condition that would allow the Defendants to remain in the Land Installment Contract" and vacate the consent judgment. The court noted that under the consent judgment entry, the payment was due on November 1, 2001, but the parties signed the agreement after this date. It concluded that "[i]f money was agreed upon and never received, plaintiff would have dealt with that issue when he signed the consent judgment * * * by filing additional motions or not signing and letting the case proceed through the normal court process."

{¶ 17} Tillimon appealed and assigns the following errors for our review:

ASSIGNMENT OF ERROR #1

THE TRIAL COURT COMMITTED REVERSIBLE ERROR, AND ABUSED ITS DISCRETION, BY GRANTING DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT BY FINDING THAT THE CONSENT JUDGMENT ENTRY WAS NOT A FINAL APPEALABLE ORDER[.]

ASSIGNMENT OF ERROR #2

8.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR, AND

ABUSED ITS DISCRETION, BY GRANTING THE APPELLEES'

MOTION FOR RELIEF FROM JUDGMENT AFTER PREVIOUSLY

DENYING THE APPELLEE'S [sic] MOTION FOR RELIEF FROM

JUDGMENT EARLIER IN THE SAME CASE[.]

ASSIGNMENT OF ERROR #3

THE TRIAL COURT COMMITTED REVERSIBLE ERROR, AND

ABUSED ITS DISCRETION, BY GRANTING THE APPELLEES'

MOTION FOR RELIEF FROM JUDGMENT, AFTER THE JUDGMENT

WAS REVIVED, WITHOUT ANY OBJECTION BY DEFENDANTS,

AND THE DECISION WAS NOT APPEALED[.]

## II. Law and Analysis

### A. First Assignment of Error

{¶ 18} In his first assignment of error, Tillimon argues that the trial court erred when it granted the Penningtons' motion for relief from judgment on the basis that the 2001 consent judgment entry was not a final appealable order. He maintains that the parties intended the entry to be a final appealable order, and he suggests that the trial judge simply neglected to notate on the entry that it was a final appealable order because he was new to the bench when the 2001 consent judgment entry was filed. He insists that the consent judgment entry resolved the only two issues before the court: it canceled the land installment contract and determined damages from the Penningtons' failure to pay

9.

rent. He claims that physical possession was never before the court because the Penningtons had already vacated the property.

{¶ 19} Tillimon submits that a consent judgment entry has the same effect as any other judgment entry and is a final determination of the parties' rights. He argues that the Penningtons have failed to meet the standard set forth under Civ.R. 60(B) and are, therefore, not entitled to relief from judgment. He maintains that the trial court would not have approved the consent judgment entry if it was unclear. And he contends that the doctrine of laches barred the Penningtons' challenge to the consent judgment entry.

{¶ 20} Appellee explains that their primary position in the trial court was that Tillimon never had a money judgment capable of being revived, thus the order reviving the "judgment" was void. They clarify that because the judgment was void, they need not satisfy any standard under Civ.R. 60(B); they argued Civ.R. 60(B) as an alternative ground for relief.

{¶ 21} Upon careful review, we conclude that the order of revivor purported to revive a non-existent judgment. The consent judgment entry by its own terms addressed only "the first cause of action in this forcible entry and detainer action." It did not address the second cause of action for money damages. As such, the trial court lacked authority to revive a judgment purporting to award money damages. *See Pelletier v. Rumpke Container Service*, 142 Ohio App.3d 54, 64, 753 N.E.2d 958 (1st Dist.2001) (vacating judgment entry as to wrongful discharge claim after finding that trial court lacked authority to enter the judgment because the claim had not been submitted to jury);

10.

*Duskin v. Doe,* 1st Dist. Hamilton No. C-010626, 2002-Ohio-2348, ¶ 5 (concluding that trial court lacked authority to enter judgment on a counterclaim that had not been asserted).

{¶ 22} Accordingly, we find that the trial court properly vacated the order of revivor because there existed no money judgment to revive. We find Tillimon's first assignment of error not well-taken.

### B. Second and Third Assignments of Error

{¶ 23} In his second assignment of error, Tillimon contends that the trial court erred when it granted the Penningtons' second motion for relief from judgment after it had already denied their first motion for relief from judgment. He claims that the first order had res judicata effect and that the Penningtons' recourse was an appeal. In his third assignment of error, Tillimon claims that the trial court erred in granting the Penningtons' motion because they failed to object to and appeal from the order of revivor.

{¶ 24} In light of our conclusion that the trial court lacked authority to revive the 2001 judgment as to an unresolved claim, we find no error in the trial court correcting its error, albeit not until the second time the error was brought to its attention, and despite the Penningtons' failure to raise the error until shortly after Tillimon began collection efforts.

{¶ 25} Accordingly, we find Tillimon's second and third assignments of error not well-taken.

11.

### III.  Conclusion

{¶ 26} For the foregoing reasons, we find Tillimon's three assignments of error not well-taken and affirm the February 16, 2016 judgment of the Toledo Municipal Court.  Tillimon is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                         _____
                                                            JUDGE
Stephen A. Yarbrough, J.

                                                    _____
James D. Jensen, P.J.                              JUDGE
CONCUR.

                                                    _____
                                                            JUDGE