[Cite as *St. James Therapy Ctr., Ltd. v. Ohio Vestibular & Balance Ctr., Inc.*, 2018-Ohio-433.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

St. James Therapy Center, Ltd., et al.          Court of Appeals No. L-17-1055

    Appellant          Trial Court No. CI0201105184

v.

Ohio Vestibular & Balance Centers,          **<u>DECISION AND JUDGMENT</u>**
Inc., et al.

    Appellees          Decided: February 2, 2018

* * * * *

John J. McHugh, III, for appellant.

Marvin A. Robon and Zachary J. Murry, for appellees.

* * * * *

**SINGER, J.**

{¶ 1} This case is before the court on the appeal of appellants, St. James Therapy Center, Ltd. ("St. James") and MWG, Inc. ("MWG"), from the February 10, 2017 judgment of the Lucas County Court of Common Pleas. For the reasons that follow, we affirm the trial court's judgment.

**{¶ 2}** St. James and MWG set forth the following assignments of error:

Assignment of Error No. 1: The trial court erred prejudicially in awarding attorneys' fees against appellants [St. James and MWG] upon an unsupported conclusion that they had engaged in a pattern of persistent frivolous and vexatious conduct.

Assignment of Error No. 2: The trial court erred prejudicially in awarding attorneys' fees against appellants [St. James and MWG] upon an unmerited conclusion that their failure to dismiss their complaint following entry of an interlocutory order in a related case constituted frivolous and vexatious conduct.

## Facts

**{¶ 3}** The background facts underlying this case are found in our opinion, *Ohio Vestibular & Balance Ctr., Inc. v. Wheeler*, 2013-Ohio-4417, 999 N.E.2d 241 (6th Dist.). The facts which relate to this appeal follow.

## The Related Case

**{¶ 4}** On September 14, 2007, a complaint was filed against, inter alia, St. James and MWG by Ohio Vestibular & Balance Center, Inc. ("OVB") and other parties in Lucas County Court of Common Pleas, being case No. CI0200706185 ("the related case"). Appellee, Barkan & Robon, Ltd., a law firm ("the firm"), represented OVB and the other parties in the related case. On February 14, 2011, a jury trial commenced. On March 1, 2011, while the trial was still underway, the firm entered into a security agreement with OVB, which granted the firm a security interest in OVB's assets. On that

2.

same day, the firm filed a UCC financing statement with the Ohio Secretary of State to perfect the lien on OVB's assets. On March 11, 2011, the jury rendered a verdict in favor of St. James and MWG. On April 18, 2011, the trial court entered judgment on the jury's verdict.

{¶ 5} On January 24, 2013, the court appointed a receiver over OVB's assets. On June 16, 2014, the receiver filed a report which provided six claims had been submitted. Those relevant claims included: St. James, which had a claim in the net amount of approximately $69,700; the firm, which had a claim for attorney fees and costs of $26,477.13; and, First Merit Bank ("First Merit"), which had a claim for $80,000.

{¶ 6} On February 23, 2015, the trial court, in a Journal Entry, determined St. James' challenge to First Merit's security interest in OVB was not well-taken. The court, quoting First Merit's reply to St. James' objection to claims, set forth:

> The loan between FirstMerit and [OVB] dated November 23, 2005, which also included a security interest and UCC Financing Statement, was in the original amount of * * * ($60,000.00), and was an interest only demand promissory note. * * *
>
> The 2005 promissory note had a balance due FirstMerit on May 18, 2011 of * * * ($56,293.62), which amount was paid in full upon the execution of the May 18, 2011 * * * ($80,000) promissory note. * * *
>
> In addition, FirstMerit entered into a Master Equipment Lease Agreement ("Lease") with [OVB] on December 21, 2005 and amended it on February 21, 2006. In connection with that Lease, FirstMerit filed a

3.

UCC Financing Statement * * * on March 29, 2006. Thereafter, on October 5, 2010, FirstMerit filed a continuation of that 2006 UCC Financing Statement * * *.

Accordingly * * * FirstMerit has had a continuous security interest in the assets of [OVB] since 2005."

The court also found "St. James is essentially an unsecured creditor with respect to [OVB's] personal assets * * *."

{¶ 7} On March 10, 2015, the firm filed a notice of newly discovered evidence and motion for reconsideration of the February 23, 2015 entry. On August 4, 2015, the motion for reconsideration was denied.

{¶ 8} On September 15, 2015, the court ordered the receiver to distribute OVB's remaining funds to First Merit.

### The Instant Case

{¶ 9} On August 30, 2011, St. James and MWG filed their complaint in Lucas County Court of Common Pleas, case No. CI201105184 ("the instant case"), against the firm, OVB and another party. St. James and MWG alleged the granting of the security interest in OVB's assets violated Ohio Uniform Transfer Act, R.C. 1336.04(A)(1), as it was made with the intent to hinder, delay and defraud St. James and MWG as judgment creditors. St. James and MWG also alleged the transfer was made during trial, in anticipation of an unfavorable verdict. St. James and MWG further alleged the granting of the security interest in OVB's assets violated R.C. 1336.04(A)(2), as it was made without receiving an equivalent value in exchange for the transfer.

4.

{¶ 10} The firm filed a motion to dismiss the complaint; the motion was denied. The case was stayed for period of time. On March 18, 2014, the firm answered the complaint and filed a counterclaim against St. James and MWG alleging St. James and MWG's conduct in filing their complaint against the firm was frivolous, vexatious and brought in bad faith. The firm made a claim against St. James and MWG pursuant to R.C. 2323.51 and 2323.52, seeking attorney fees. The case was again stayed. On July 22, 2016, the firm filed a motion for summary judgment on St. James and MWG's claims as well as its counterclaim. St. James and MWG did not oppose the motion.

{¶ 11} On November 29, 2016, the trial court granted the firm's motion for summary judgment and dismissed with prejudice all claims asserted by St. James and MWG. The court found, as to the counterclaim, that the evidence showed a pattern of vexatious and bad faith conduct by St. James and MWG, and St. James and MWG's complaint constituted the filing of a frivolous claim under R.C. 2323.51.

{¶ 12} On December 14, 2016, an assessment of damages hearing was held. Then, on February 10, 2017, the trial court issued its judgment. The court determined the logical time that St. James and MWG should have dismissed their claims was September 15, 2015, when, in the related case, the receiver was ordered to distribute OVB's remaining funds to First Merit. The court noted that St. James and MWG, however, continued to pursue their claims against the firm. The court held, based upon the firm's unchallenged fee statement, that the total amount of attorney fees incurred by the firm

5.

since September 15, 2015, was $6,760. The court ordered that the firm was entitled to attorney fees on its counterclaim in this amount from St. James and MWG. St. James and MWG appealed.

## Assignments of Error

{¶ 13} St. James and MWG's assignments of error are interrelated and will be addressed together. The crux of St. James and MWG's argument is that there was no evidence of frivolous conduct. St. James and MWG contend the trial court erred in awarding attorneys' fees to the firm upon an unsupported conclusion that St. James and MWG engaged in a pattern of persistent frivolous and vexatious conduct. St. James and MWG argue their complaint was not frivolous when filed, and their decision not to dismiss the complaint was not evidence of persistent frivolous conduct.

{¶ 14} The firm counters the trial court's decision to order sanctions was supported by competent, credible and undisputed evidence, and the amount of the sanctions was also supported by competent, credible and undisputed evidence.

## Standards

{¶ 15} We review a trial court's summary judgment decision on a *de novo* basis. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Accordingly, we undertake our own independent examination of the record and make our own decision as to whether the moving parties are entitled to summary judgment. *Dupler v. Mansfield Journal*, 64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187 (1980).

{¶ 16} Our review of a determination to impose sanctions pursuant to R.C. 2323.51 involves a mixed question of law and fact. *R & S Roofing Co. v. Mercer-North 6.*

*Am., Inc.*, 6th Dist. Lucas No. L-13-1161, 2014-Ohio-1763, ¶ 21. Legal conclusions will be considered de novo, whereas factual determinations will not be disturbed if supported by competent, credible evidence. *Id.* "'Ultimately, the decision as to whether to impose sanctions under * * * R.C. 2323.51 rests in the sound discretion of the court and will not be reversed absent an abuse of that discretion. (Citation omitted.)'" *Id.* Thus, we will not reverse the trial court's judgment unless it is arbitrary, unconscionable or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**Analysis**

{¶ 17} R.C. 2323.51(A)(2)(a) provides that frivolous conduct occurs under any of the following circumstances:

(i) It [conduct] obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It [conduct] is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

7.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶ 18} Here, a de novo review of the record shows the firm alleged in its motion for summary judgment that St. James and MWG's complaint was frivolous. Attached to the motion was evidence which included affidavits, as well as St. James and MWG's responses to requests for admissions. St. James and MWG did not oppose the motion, and as such, presented no evidence demonstrating that there was a genuine issue of material fact for trial. We conclude the evidence presented by the firm demonstrated there was no genuine issue of material fact and the firm was entitled to judgment as a matter of law on St. James and MWG's claims as well as its counterclaim. Accordingly, the trial court did not err in granting the firm's motion for summary judgment.

{¶ 19} As to the trial court's award of sanctions under R.C. 2323.51, a review of the record shows St. James and MWG may have had a viable claim against the firm when St. James and MWG filed their complaint on August 30, 2011, for violations of R.C. 1336.04, the fraudulent transfer act. Therefore, the complaint may not have been frivolous when filed. However, as the related case progressed, evidence emerged that established St. James and MWG's claims against the firm lacked evidentiary support to continue. Specifically, on February 23, 2015, the court in the related case rejected St. James' challenge to First Merit's security interest in OVB, and found St. James was, in effect, an unsecured creditor of OVB's personal assets. Then, on September 15, 2015, the court in the related case ordered the receiver to distribute OVB's remaining funds to

8.

First Merit. When the last of these decisions was rendered, it was apparent that St. James and MWG's claims against the firm lacked any evidentiary support to continue. Nevertheless, St. James and MWG did not dismiss their complaint. Instead, the firm conducted discovery and was required to file a motion for summary judgment on St. James and MWG's claims and its counterclaim.

{¶ 20} The Ohio Supreme Court has observed, "[w]hen a trial court has determined that reasonable inquiry by a party's counsel of record should reveal the inadequacy of a claim, a finding that the counsel of record has engaged in frivolous conduct is justified, as is an award * * * to any party adversely affected by the frivolous conduct." Ron Scheiderer & Assocs. v. London, 81 Ohio St.3d 94, 97-98, 689 N.E.2d 552 (1998).

{¶ 21} Here, St. James and MWG's failure to dismiss the complaint on their own volition after the September 15, 2015 order in the related case served to extend the time that the lawsuit remained pending. In addition, St. James and MWG's failure to dismiss the complaint caused the firm to incur the unnecessary time and expenses associated with conducting discovery as well as drafting the unopposed motion for summary judgment. We find St. James and MWG's continuous failure to dismiss the complaint constituted a pattern of frivolous conduct. We further find this frivolous conduct adversely affected the firm. Accordingly, we conclude the trial court did not abuse its discretion in awarding to the firm sanctions for St. James and MWG's frivolous conduct. It follows that St. James and MWG's assignments of error are not well-taken.

9.

**{¶ 22}** The judgment of the Lucas County Court of Common Pleas is affirmed. Appellants, St. James Therapy Center, Ltd. and MWG, Inc., are ordered to pay the costs of this appeal, pursuant to App.R. 24, and the clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.             _____

                                         JUDGE

Thomas J. Osowik, J.       

                                _____

James D. Jensen, J.                                  JUDGE

CONCUR.

                                         _____

                                         JUDGE