[Cite as *Tillimon v. Pennington*, 2018-Ohio-529.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Duane J. Tillimon                                    Court of Appeals No. L-17-1134

　　　　Appellant                                   Trial Court No. CVG-01-16811

v.

Karen Pennington, et al.                      **DECISION AND JUDGMENT**

　　　　Appellees                                  Decided:  February 9, 2018

* * * * *

Duane J. Tillimon, pro se.

Howard B. Hershman, for appellees.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of an April 28, 2017 judgment of the Toledo Municipal Court, Housing Division, granting appellees' motion to dismiss appellant's underlying 2001 housing court complaint for want of prosecution.

**{¶ 2}** Notably, this matter has previously been before this court.  Of particular relevance, this court previously held, "[W]e conclude that the order of reviver purported to revive a nonexistent judgment.  The consent judgment entry by its' own terms addressed only the first cause of action * * * It did not address the second cause of action for money damages." *Tillimon v. Pennington*, 6th Dist. Lucas No. L-16-1056, 2017-Ohio-48, ¶ 21.  For the reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 3}** Appellant, Duane J Tillimon, sets forth the following two assignments of error:

> ASSIGNMENT OF ERROR #1:  THE TRIAL COURT COMMITTED REVERSIBLE ERROR, AND ABUSED IT [SIC] DIS[C]RETION, BY DENYING THE PLAINTIFF JUDGMENT AGAINST DEFENDANTS, JOINTLY AND SEVERALLY, IN THE AMOUNT OF $2298 PLUS STATUTORY INTEREST AND COURT COSTS, AND AS SUCH THE JUDGMENT ENTRY JOURNALIZED ON MAY 1, 2017 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

> ASSIGNMENT OF ERROR #2 THE TRIAL COURT COMMITTED REVERS[I]BLE ERROR, AND ABUSED IT [SIC] DISCRETION, BY DISMISSING THE CASE FOR ONE OF PROSECUTION WHILE THERE WAS A PENDING MOTION FOR THE COURT TO DECIDE, AND AS SUCH THE DECISION

2.

JOURNALIZED MAY 1, 2017 WAS AGAINST THE MANIFEST

WEIGHT OF THE EVIDENCE.

{¶ 4} The following undisputed facts are relevant to this appeal. This case stems from a 2001 municipal court filing arising from a 1997 residential land contract executed by the parties. The record reflects that the underlying 2001 filing did not proceed to trial.

{¶ 5} On November 29, 2001, the parties executed a voluntary consent judgment entry. It was subsequently approved by the trial court. The parties agreed pursuant to the consent agreement to the cancellation of the underlying residential land contract and to the return of possession of the subject premises to appellant. No further action of any kind by any party transpired in this case for approximately 15 years.

{¶ 6} Approximately 15 years after execution of the consent agreement, appellant filed a motion for conditional reviver of the case in the trial court alleging the existence of a monetary judgment against appellees in the amount of $2,298.00 plus interest.

{¶ 7} Appellant's mistaken position regarding the claimed monetary judgment against appellee appears to stem from a reference in the consent judgment entry that, "Defendants agreed to pay plaintiff $2,298.00 no later than November 1, 2001." Significantly, the above-quoted consent judgment entry itself was executed on November 29, 2001, *nearly a month after the purported payment deadline*. (Emphasis added).

{¶ 8} The record of evidence in this case suggests that if payment had not been made and/or the referenced monetary matter had remained in dispute as of November 29, 2001, the parties would have either not proceeded with the execution of the consent

3.

judgment entry at a time subsequent to a missed payment deadline or would have, at a minimum, addressed the unresolved monetary matter to the trial court at that time. The record reflects that they did not do so.

{¶ 9} More importantly, this court has previously scrutinized this matter in its entirety, paying particular attention to appellees' position that appellant never possessed a monetary judgment against them capable of being revived. As such, any trial court entry purporting to do so would be rendered void as a matter of law.

{¶ 10} This court determined, in relevant part, "Upon careful review, we conclude that the order of reviver purported to revive a nonexistent judgment. The consent judgment entry by its own terms addressed only the first cause of action in this forcible entry and detainer action." *Tillimon v. Pennington*, 6th Dist. Lucas No. L-16-1056, 2017-Ohio-48, at ¶ 21.

{¶ 11} Both assignments of error maintain that the April 28, 2017 trial court judgment granting appellees' motion to dismiss for want of prosecution, journalized May 1, 2017, constituted an abuse of discretion by the trial court. We do not concur.

{¶ 12} The record reflects that the sole underlying basis from which appellant has attempted to reactivate the 2001 filing in the Toledo Municipal Court is premised upon the incorrect assertion that appellant possesses some sort of collectible monetary judgment against appellees. The record of evidence, and the prior ruling of this court in this case, refute that position.

{¶ 13} We again note that appellant did not take any action in this matter following the 2001 consent judgment for approximately 15 years.

4.

{¶ 14} In attempting to explain the substantial period of time in which this case was dormant, appellant stated to this court in support of this appeal, "Back in the year 2001, the internet was comprised of primarily pornography sites, and unlike today there were no skip searching, people finding, or craigslist type sites to determine locations and debtors."

{¶ 15} Appellant appears to be suggesting that he took no action in the underlying case for approximately 15 years due to a claimed lack of adequate technology or resources to secure the information needed to pursue any action. We are not persuaded.

{¶ 16} The disputed trial court action in dismissing appellant's case for want of prosecution is reviewed by this court pursuant to the abuse of discretion standard.

{¶ 17} To establish an abuse of discretion, more than a mere error of law or judgment must be demonstrated. It must be shown that the disputed trial court action was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 18} The record reflects that appellant filed a municipal court action in 2001 stemming from a 1997 residential land contract with appellees. The record reflects that the parties executed a voluntary consent judgment entry on November 29, 2001. It was approved by the trial court on December 4, 2001. The record reflects no further action in this matter for approximately 15 years.

{¶ 19} The record reflects that subsequent to appellant's efforts many years later to revive this matter and assert the existence of a collectible monetary judgment against

5.

appellees, this court determined that no such monetary judgment exists, thereby rendering any judgments or actions in connection to the claimed, non-existent monetary judgment void.

{¶ 20} Wherefore, we find appellant's assignments of error to be not well-taken. The judgment of the Toledo Municipal Court, Housing Division, is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.              _____

JUDGE

Arlene Singer, J.            

_____

Thomas J. Osowik, J.         JUDGE
CONCUR.

_____

JUDGE