[Cite as *Tillimon v. Pennington*, 2019-Ohio-1031.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Duane J. Tillimon                                    Court of Appeals No. L-18-1157

    Appellant                                    Trial Court No. CVG-01-16811

v.

Karen S. Pennington, et al.                          **DECISION AND JUDGMENT**

    Appellees                                    Decided:  March 22, 2019

* * * * *

Duane J. Tillimon, pro se.

Howard B. Hershman, for appellees.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Duane Tillimon, appeals the judgment of the Toledo Municipal

Court, awarding $10,277 in attorney fees to appellees, Karen and Sean Pennington,[1]

---

[1] While we refer to appellees in the plural throughout this decision since judgment was rendered for appellees Karen and Sean Pennington, we note the brief was filed on behalf of appellee Sean Pennington.  This does not affect this court's final determination.

following appellees' filing of a motion for sanctions. For the reasons that follow, we reverse.

## A. Facts and Procedural Background

{¶ 2} This is the third appeal taken in this case to address the parties' dispute arising from a 1997 land installment contract. While we previously discussed the procedural and factual history of this matter, a detailed review of this history is in order to properly frame the current issues on appeal, and explain why this case is once again before this court.

{¶ 3} In 2001, appellant filed a landlord's complaint, seeking forcible entry and detainer and monetary damages, with the first count regarding possession of the property resolved by consent judgment entry. Almost 15 years later, appellant attempted to collect on a money judgment as to the second count, construing the consent judgment entry as addressing his claim for damages. This series of appeals ensued.

{¶ 4} We previously had determined there was no valid, enforceable judgment for damages entered on the second cause of action in appellant's landlord complaint. *See Tillimon v. Pennington*, 6th Dist. Lucas No. L-16-1056, 2017-Ohio-48 (*Tillimon I*). As a consequence of this ruling, appellees then moved to dismiss the damages claim for want of prosecution, and the trial court dismissed, noting more than 15 years had elapsed from the date of filing. In the second appeal, we affirmed the trial court's dismissal of the second cause of action, finding no abuse of discretion. *See Tillimon v. Pennington*, 6th Dist. Lucas No. 17-17-1134, 2018-Ohio-529 (*Tillimon II*).

2.

**{¶ 5}** Prior to our ruling in *Tillimon II*, appellees filed a motion in the trial court, seeking an award of attorney fees for bad faith and frivolous conduct, pursuant to Civ.R. 11 and R.C. 2323.51. After our ruling in *Tillimon II*, the trial court granted appellees' motion and awarded attorney fees as sanction against appellant, based on appellant's actions to collect the money judgment, prior to the trial court's determination that no judgment existed. In the present appeal, we address this award of attorney fees.

**{¶ 6}** The following facts are relevant to this third appeal.

**{¶ 7}** In March 1997, the parties executed a land installment contract regarding property located at 16 Van Buren Avenue in Toledo, Ohio. Following appellees' default on the terms of the land installment contract, appellant filed a landlord's complaint in Toledo Municipal Court. In the complaint, appellant asserted two causes of action: (1) an action for forcible entry and detainer, and (2) a civil action for a money judgment of $15,000. The case never proceeded to trial. Instead, the parties executed a consent judgment entry, which provided, in pertinent part:

> Defendants Karen S. Pennington and Sean M. Pennington consent to judgment for possession on the first cause of action in this forcible entry and detainer action with a writ of restitution to issue upon payment.

> Defendants agree to cancellation of the Land Installment Contract dated March 21, 1997 * * *.

> Plaintiff Duane J. Tillimon agrees to stay the execution of the writ of restitution until November 30, 2001.

3.

Plaintiff Duane J. Tillimon agrees to vacate this judgment and dismiss this lawsuit if the Defendants comply with the following terms and conditions of this Consent Judgment Entry:

Defendants Karen S. Pennington and Sean M. Pennington agree to the following:

* * *

5. The failure to comply with this agreement after this lawsuit is dismissed shall constitute a violation and breach of the land installment contract the subject of this lawsuit.

6. The Defendants agree to pay Plaintiff $2298 no later than November 1, 2001 which payment shall constitute payment of the land contract payments due for August, September, October and November 2001 plus the court costs of this action.

{¶ 8} Approximately 14 years passed with no activity on the case. Finally, on June 8, 2015, appellant filed a certificate of judgment in the municipal court, and subsequently filed a motion seeking revivor. In his motion, appellant represented that he had recovered a judgment against appellees in the amount of $2,298 (an amount recited in the parties' consent judgment entry), plus ten percent interest, that no execution had issued on the judgment for five years, and that the judgment remained unpaid in full. Thus, he requested the judgment be revived.

4.

{¶ 9} The trial court issued service of summons with appellant's motion, in accordance with Civ.R. 4(F), with service perfected. Appellees failed to respond to the summons within 28 days, and on September 22, 2015, the trial court issued a final order, reviving the consent judgment. Appellant promptly initiated a series of collection efforts, which included garnishment of wages and other property, pursuant to orders entered by the trial court, and consistent with the law.

{¶ 10} On October 28, 2015, appellees filed a motion seeking reconsideration, relief from judgment, and a stay of proceedings. In their motion, appellees asserted that the consent judgment entry was not a final judgment because it failed to specify consequences of appellees' failure to make the $2,298 payment. According to appellees, without a final order or judgment, appellant had no right to execution and no judgment to revive. Alternatively, appellees contended that if the court were to find that the consent judgment entry was a final judgment, they were entitled to relief from that judgment under Civ.R. 60(B)(4) because the judgment had been satisfied, released or discharged, or it was no longer equitable that the judgment should have prospective application. Appellees also asserted that appellant had received payment in full, and that subsequent to the filing of the case, they acquired other causes of action against appellant to which they could claim a setoff.

{¶ 11} In opposing appellees' motion, appellant argued that appellees failed to appeal or otherwise challenge the consent judgment, failed to object to revivor of the consent judgment, and failed to meet their burden under Civ.R. 60(B). Moreover,

5.

appellant urged that the doctrine of laches barred appellees' challenge, and the consent judgment entry was a valid judgment on the merits and was, therefore, a final appealable order.

{¶ 12} On January 7, 2016, the trial court denied appellees' motion by entry on the docket with no written decision. Eight days later, appellees filed a second motion, seeking relief from judgment and stay of proceedings. They clarified that they were seeking relief, not from the 2001 judgment, but from the 2015 order reviving the 2001 judgment. Appellees argued that the 2001 consent judgment entry addressed only the claim for possession of the property, and therefore, was not a money judgment, capable of being revived. Additionally, appellees asserted that the consent judgment entry failed to address the second cause of action pertaining to money damages, with no final judgment for money damages entered as to that claim. Appellees also argued that appellant's failure to prosecute the claim for nearly 14 years warranted dismissal of the second cause of action.

{¶ 13} On February 16, 2016, upon consideration of appellees' arguments in support of their motion for relief from judgment, as well as appellant's opposition, the trial court granted appellees' motion and vacated the order of revivor. In its decision, the court concluded that the consent judgment entry was unclear as to the parties' agreement, leaving open to interpretation whether a money judgment existed. Reviewing the language of the consent judgment entry more carefully, the trial court interpreted the $2,298 as payment for back rent, and that payment of back rent was "a condition that

6.

would allow the Defendants to remain in the Land Installment Contract" and vacate the consent judgment. The court noted that under the consent judgment entry, the payment was due on November 1, 2001, but the parties signed the agreement after this date. It concluded that "[i]f money was agreed upon and never received, [appellant] would have dealt with that issue when he signed the consent judgment * * * by filing additional motions or not signing and letting the case proceed through the normal court process."

{¶ 14} Thereafter, appellant appealed the trial court's decision vacating the order of revivor in *Tillimon I*. We issued our decision in that appeal on January 6, 2017. In our decision, we found that the consent judgment only addressed the forcible entry and detainer action, which meant that the trial court lacked the authority to revive a judgment purporting to award money damages. *Tillimon*, 2017-Ohio-48, at ¶ 21. Therefore, we held that the trial court properly vacated the order of revivor. *Id*. at ¶ 22.

{¶ 15} Two weeks after we released our decision in *Tillimon I*, appellees filed a motion to dismiss appellant's 2001 landlord complaint for want of prosecution. In their motion, appellees contended dismissal was proper because appellant had failed to pursue a judgment, or take any action at all, on his second cause of action for money damages, and it had been approximately 15 years since appellant filed his complaint. Following a hearing on the matter, the trial court issued its decision granting appellees' motion to dismiss on April 28, 2017. In its decision, the trial court found that appellant failed to take any action on his second cause of action for a period of 14 years, thereby warranting dismissal of the matter.

7.

{¶ 16} Appellant appealed the trial court's dismissal of his complaint in *Tillimon II*. On February 9, 2018, we issued our decision, affirming the judgment of the trial court. *Tillimon*, 2018-Ohio-529, at ¶ 20.

{¶ 17} While *Tillimon II* was pending before our court, appellees filed a "motion for sanctions for frivolous conduct and for violations of Civil Rule 11." In their motion, appellees sought an award of attorney fees in the amount of $10,277, which reflected the fees charged to appellees in connection with their attempts to defend against appellant's efforts to revive and pursue collection activities on the putative 2001 consent judgment.

{¶ 18} In support of their request for sanctions, appellees stated that "[e]very act taken by [appellant] in this matter from the time he attempted to revive his non-existent judgment is frivolous. Appellees went on to cite the specific acts that they deemed frivolous, all of which took place prior to the trial court's decision granting appellees' motion to vacate the order of revivor.

{¶ 19} The trial court held a hearing on appellees' motion for sanctions on May 24, 2018. At the hearing, appellant informed the court that his delay in prosecuting his cause of action for money damages was due to the difficulty he encountered in trying to locate appellees, who moved out of Northwest Ohio subsequent to the journalization of the consent judgment. After locating appellees, appellant stated that the clerk of the trial court directed him to revive his 2001 judgment, which he attempted to do. According to appellant, he was under the impression at the time that he had a valid, although not yet revived, judgment entitling him to the $2,298 in back rent detailed in the consent

8.

judgment entry. Appellant then provided the following explanation for the actions complained of in appellees' motion for sanctions:

Everything I did, from July 31, 2015, when I was told to revive the judgment through September – sorry. February 15, 2016, the day before Judge McConnell changed the decision, was to revive the judgment and maintain the judgment as revived. I appeared before four judges and a magistrate during all this time. And they either all ruled in my favor, or ruled against [opposing counsel] every time there was a decision to be made. * * * I had no reason to do anything frivolous because I was getting all the decisions in my favor. The record, of the case, shows that all my pleadings were filed, on good faith, based upon the prior rulings of the four judges and a magistrate. The Court of Appeals did not find the arguments of my appeal frivolous. And they were the same arguments that I made in the trial court.

{¶ 20} After appellant's cross-examination by appellees' counsel, the trial court permitted appellant to make a statement to the court. Appellant reiterated his belief that he acted in good faith in pursuit of rights he believed he possessed under the terms of the consent judgment. In particular, appellant stated: "I filed all of these pleadings, with the belief that I had a valid judgment against the [appellees]. There would be no other reason to file these pleadings. Other than to collect on the judgment I believed I had. The Court said I had to revive the judgment. To me that's a confirmation I had a judgment."

9.

{¶ 21} Following the hearing on appellees' motion for sanctions, the trial court issued its decision granting the motion. The trial court found that appellant acted frivolously and in violation of Civ.R. 11 in attempting to collect an amount awarded for the second count of the complaint, based on the consent judgment, finding this claim was later dismissed for want of prosecution and never reduced to a final judgment. As a result of its finding, the trial court awarded appellees attorney fees in the amount of $10,277.

## B. Assignments of Error

{¶ 22} Appellant has filed a timely notice of appeal of the trial court's decision on appellees' motion for sanctions, and asserts the following assignments of error for our review:

Assignment of Error #1: The trial court comitted [sic] reversable [sic] error, and abused its discretion, in granting appellees sanctions against appellant because the appellees' motion for sanctions was not timely filed.

Assignment of Error #2: The trial court commited [sic] reversable [sic] error, and abused its discretion, when it denied the appellant's motion for summary judgment (aka directed verdict) after the appellees rested their case in chief without testifying, or presenting testimony from a persipient [sic] witness, supporting the appellees' motion for sanctions.

Assiignment [sic] of Error #3: The trial court committed reversable [sic] error, and abused its discretion, when it granted the appellees' motion

10.

for sanctions because the judgment entry was against the manifest weight of the evidence, there being no testimony or other evidence to support the argument that appellant did not act in good faith.

Assignment of Error #4:  The trial court committed [reversible] error, and abused its discretion, when it awarded the appellees attorney fees for the cost of defending appellant's appeal when the trial court was divested of jurisdiction in the case to award any sanction.

Assignment of Error #5:  The trial court committed reversable [sic] error, and abused its discretion, when it granted attorney fees as sanctions because the attorney fees were incurred to avoid paying an admitted debt, not dispute the debt.

Assignment of Error #6:  The trial court committed reversable [sic] error because it abused its discretion in awarding sanctions without considering there was no testimony from appellees that appellant violated Civil Rule 11 or R.C. 2323.51 and there was [testimony] from appellant that he did not violate Civil Rule 11 and [R.C. 2323.51].

{¶ 23} We address appellant's third assignment of error first, as it is dispositive of all issues on appeal.

## II.  Standard of Review

{¶ 24} The trial court awarded sanctions under Civ.R. 11, while also indicating it found appellant acted "frivolously" in seeking to execute the judgment.

11.

**{¶ 25}** An award of sanctions under Civ.R. 11 is reviewed for an abuse of discretion. *Bergman v. Genoa Banking Co.*, 6th Dist. Ottawa No. OT-14-019, 2015-Ohio-2797, ¶ 34, citing *Kreger v. Spetka*, 6th Dist. Lucas No. L-05-1028, 2005-Ohio-3868, ¶ 11. An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court in reaching its decision. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 26}** Review of an award of sanctions pursuant to R.C. 2323.51, however, presents a mixed question of law and fact. (Citations omitted.) *St. James Therapy Ct., Ltd. v. Ohio Vestibular & Balance Ctrs., Inc.*, 2018-Ohio-433, 104 N.E.3d 1016, ¶ 16 (6th Dist.). Where a trial court determines a claim lacks support in existing law, we review that determination de novo, without deference to the trial court's ruling. (Additional citation omitted.) *Krohn v. Krohn*, 2017-Ohio-408, 84 N.E.3d 249, ¶ 28 (6th Dist.), quoting *Grove v. Gamma Ctr.*, 3d Dist. Marion No. 9-14-29, 2015-Ohio-1180, ¶ 57. If sanctions are appropriate, the trial court's imposition of sanctions "will not be disturbed absent an abuse of discretion." *Krohn* at ¶ 28, citing *Grove* at ¶ 68. In other words, "[l]egal conclusions will be considered de novo, whereas factual determinations will not be disturbed if supported by competent, credible evidence." *St. James Therapy* at ¶ 16, citing *R & S Roofing Co. v. Mercer-North Am., Inc.*, 6th Dist. Lucas No. L-13-1161, 2014-Ohio-1763, ¶ 21.

12.

## III. Analysis

{¶ 27} In appellant's third assignment of error, he essentially argues that the trial court abused its discretion in granting appellees' motion for sanctions and ordering him to pay appellees' attorney fees, where there was no evidence that his actions constituted the type of conduct required to support an award of sanctions under either Civ.R. 11 or R.C. 2323.51.

{¶ 28} Civ.R. 11 provides, in relevant part:

The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.

{¶ 29} "The purpose of Civ.R. 11 is to ensure that a pleading or motion is filed in good faith and with adequate supporting grounds." *State ex rel. Bristow v. Baxter*, 6th Dist. Erie Nos. E-17-060, E-17-067, and E-17-070, 2018-Ohio-1973, ¶ 25. In considering the imposition of sanctions for violation of Civ.R. 11, a court considers, among other factors, whether the attorney or pro se litigant signing the document has a

supporting legal basis, "to the best of his or her knowledge, information, and belief." (Additional citation omitted.) *Bergman,* 2015-Ohio-2797, at ¶ 33, quoting *Stone v. House of Day Funeral Serv.*, 140 Ohio App.3d 713, 720-721, 748 N.E.2d 1200 (6th Dist.2000).

{¶ 30} A trial court sanctions willful violations under Civ.R. 11, applying a subjective bad-faith standard. *Judd v. Meszaros*, 10th Dist. Franklin No. 10AP-1189, 2011-Ohio-4983, ¶ 22. Sanctions are appropriate where "the attorney or pro se litigant acts willfully and in bad faith by filing a pleading that he or she believes lacks good grounds[.]" *Lehmkuhl v. Grady*, 6th Dist. Lucas No. L-15-1320, 2016-Ohio-7422, ¶ 17, quoting *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 127 Ohio St.3d 202, 2010-Ohio-5073, 937 N.E.2d 1274, ¶ 8. Because a willful violation is required, merely negligent conduct, based on mistaken belief, is insufficient. *Bardwell* at ¶ 8; *Gallagher v. AMVETS*, 6th Dist. Erie No. E-09-008, 2009-Ohio-6348, ¶ 32. If the court finds that an attorney willfully violated Civ.R. 11, the rule allows the court to award the moving party "expenses and reasonable attorney fees."

{¶ 31} In contrast to the subjective standard under Civ.R. 11, courts employ an objective standard under R.C. 2323.51 in determining whether an attorney's or party's conduct is sanctionable. *Bergman* at ¶ 25. Courts measure frivolous conduct according to an objective, reasonable attorney standard, viewing the conduct "without reference to what the individual knew or believed." *Krohn*, 2017-Ohio-408, at ¶ 31, citing *Crenshaw v. Integrity Realty Group, LLC*, 8th Dist. Cuyahoga No. 100031, 2013-Ohio-4493, ¶ 8. If

14.

no reasonable lawyer would have pursued an action, based on existing law, that action is frivolous. *Middlebrooks v. Bank of Am.*, 6th Dist. Lucas No. L-12-1098, 2013-Ohio-1592, ¶ 14.

{¶ 32} R.C. 2323.51(A)(2) defines "frivolous conduct" in part as:

(a) Conduct * * * that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

15.

**{¶ 33}** "The General Assembly gave courts the discretion to hold those engaging in frivolous conduct responsible for their actions." *Ron Scheiderer & Assocs. v. City of London*, 81 Ohio St.3d 94, 97, 689 N.E.2d 552 (1998). Litigants, therefore, must balance vigorous pursuit of their claims against the duty to perform responsibly and in accordance with the law. *Id*. at 97-98. Even so, R.C. 2323.51 contemplates punishment of egregious conduct, rather than misjudgment or tactical error. *State ex rel. DiFranco v. City of S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 15; *Ohio Power Co. v. Ogle*, 4th Dist. Hocking No. 12CA14, 2013-Ohio-1745, ¶ 29, quoting *Hickman v. Murray*, 2d Dist. Montgomery No. CA15030, 1996 Ohio App. LEXIS 1028 (Mar. 22, 1996). "Merely proving that a party's factual assertion was incorrect is not sufficient to demonstrate that the party's conduct was frivolous." *Bristow*, 2018-Ohio-1973, at ¶ 28, citing *DiFranco* at ¶ 15.

**{¶ 34}** In this case, the trial court determined both willful violation of Civ.R. 11 and frivolous conduct, punishable under R.C. 2323.51. In its entry, however, the trial court addressed only the subjective "bad faith" standard under Civ.R. 11, finding appellant exhibited more than just bad judgment in attempting to collect on a judgment "through various pleadings, motions, and appeals." The trial court made no findings under the objective, reasonable attorney standard of R.C. 2323.51, but instead stated appellant acted frivolously in conclusory fashion. The record contains no evidence to support these determinations.

16.

**{¶ 35}** Appellant engaged in no willful violation of Civ.R. 11, as the record demonstrates only a mistaken belief by appellant regarding the consent judgment entry. At hearing, appellant indicated he proceeded with the belief he had a money judgment, and only later learned he was incorrect. The record of proceedings, as noted by appellant, bolstered his belief that a money judgment existed. Significantly, the trial court also appeared to operate under the same mistaken belief that appellant had obtained a money judgment as part of the consent judgment. The trial court revived the 2001 judgment, and denied appellees' first motion seeking to vacate the judgment. Appellees, moreover, did nothing to contradict this belief, taking no action to oppose revivor or dispute a judgment until appellant pursued collection of the $2,298, the amount he mistakenly believed appellees owed under the terms of the consent judgment. Once the trial court vacated the judgment, appellant's collection efforts ceased, with no further filings in which appellant claimed a valid judgment.

**{¶ 36}** As to frivolous conduct, while it is true that the trial court subsequently vacated its order of revivor and determined that the consent judgment dealt only with appellant's cause of action for forcible entry and detainer, all of the actions challenged, in appellees' motion seeking sanctions, occurred *prior* to the trial court's February 16, 2016 decision. Once the trial court vacated the order of revivor, appellant's collection efforts ceased. Appellant's collection efforts, moreover, were consistent with the actions of a reasonable attorney, as any attorney would understand the appropriateness of executing on a judgment that has been recognized by the court through its rulings.

17.

**{¶ 37}** Appellant attempted to execute on a judgment, with favorable rulings by the trial court, until the trial court determined the judgment to be void. The trial court deemed such conduct frivolous, apparently judging appellant's actions through the prism of hindsight, a standard both improper and unfair. Courts must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

**{¶ 38}** Here, the trial court awarded sanctions as a penalty for appellant failing to realize he had no judgment, despite the trial court's own initial error on the subject (i.e. directing appellant to revive the judgment, granting execution on that judgment, and denying appellee's first motion seeking relief from that judgment). In ordering sanctions, the trial court failed to correctly apply either the subjective bad faith standard under Civ.R. 11 or the objective reasonable lawyer standard under R.C. 2323.51. Instead, the trial court conducted a post hoc review of appellant's collection efforts, and based on subsequent knowledge, deemed those efforts improper. However, a court may not wield sanctions under Civ.R. 11 and R.C. 2323.51 as retrospective punishment, based on after-acquired knowledge, as the trial court did in this case. *See e.g. Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857 (1st Dist.), syllabus (sanctions were inappropriate "where the information possessed by the attorney and the firm at the time

18.

the complaint was filed was not such that it was absolutely clear under existing law that no reasonable attorney could have argued the claim.").

{¶ 39} Based on the record of proceedings, the trial court had no basis to find a willful violation of Civ.R. 11 as the evidence demonstrates only a mistaken belief. Furthermore, appellant's mistaken, and initially validated, belief that he had a money judgment, and his efforts to revive that judgment in order to collect upon it, provide no basis for sanctions under R.C. 2323.51, as appellant's conduct was not egregious or—in the moment—unjustifiable.

{¶ 40} Accordingly, with no evidence to support a Civ.R. 11 sanction, and no facts to demonstrate frivolous conduct, the trial court abused its discretion in granting appellees' motion for sanctions. Appellant's third assignment of error is therefore found well-taken, and the remaining assignments of error are deemed moot.

## IV.  Conclusion

{¶ 41} For the foregoing reasons, we reverse the judgment of the Toledo Municipal Court, and vacate the award of attorney fees. Pursuant to App.R. 24(A)(3), appellees are assessed the costs of this appeal.

Judgment reversed.

19.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.         

_____
JUDGE

Christine E. Mayle, P.J.      

_____
JUDGE

Gene A. Zmuda, J.        
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.