STATE MEDICAL BOARD OF OHIO, APPELLANT, *v.* MT. SINAI HOSPITAL ET AL., APPELLEES.

(No. 43732—Decided January 20, 1983.)

Mr. Anthony J. Celebrezze, Jr., attorney general, Mr. Jeffrey J. Jurca and Mr. B. Douglas Anderson, for appellant.

Mr. David G. Heiman, for appellees.

CARROLL, J. This is an appeal from the court of common pleas from a dismissal of a complaint for declaratory judgment and injunctive relief filed by the State Medical Board of Ohio ("appellant") against Mt. Sinai Hospital, its Administrator, its President of the Board of Trustees, its Chief of Anesthesiology and those anesthesiology assistants ("AAs") employed by Mt. Sinai Hospital. The court below dismissed this complaint for failure to comply with the administrative procedure pursuant to R.C. 4731.341 which provides for enjoining the unlawful practice of medicine.

The chronology of events is as follows:

In a certified letter dated October 6, 1978, appellant notified the anesthesiology assistants employed at Mt. Sinai Hospital, in the care of Dr. Benjamin Root, Chief of Anesthesiology, that it had received information indicating that they were engaged in the practice of medicine without a valid and current certificate as provided by R.C. Chapter 4725 or 4731 and that such conduct being inimical to the public welfare, constituted a public nuisance. An answer to this letter was demanded within thirty days showing that they were either (a) properly licensed to administer anesthesia to patients in Mt. Sinai Hospital, or (b) not in violation of R.C. Chapter 4731.

Appellant filed its complaint four days later, on October 10, 1978, alleging that the administration of anesthesia by the AAs at Mt. Sinai Hospital was contrary to the Medical Practice Act of Ohio, and was inimical to the public welfare, constituted a public nuisance, endangered the public health and welfare, and would cause irreparable harm to the citizens of Ohio. Appellant asked the court to declare that the AAs had no right to administer

anesthesia, it being the practice of medicine and, as such, was non-delegable. If the court were to declare this administration to be the practice of medicine it asked the court to permanently enjoin the AAs from performing these acts.

Dr. Root acknowledged receipt of appellant's letter and responded with supplementary information on behalf of the anesthesiology assistants explaining why they were not in violation of R.C. Chapter 4731. On behalf of the AAs, Dr. Root requested a hearing before the State Medical Board to present their position.

Negotiations ensued between the parties during 1979; however, on August 8, 1980, appellant filed a motion for preliminary injunction. On October 10, 1980, appellees filed a motion to dismiss the action alleging appellant's failure to comply with the procedural requirements of R.C. 4731.341.

The trial court granted this motion to dismiss on March 30, 1981, and from this dismissal appellant timely appeals raising the following assignment of error:

"The court below erred in dismissing plaintiff-appellant's complaint for declaratory judgment and injunctive relief for failure to comply with administrative procedure pursuant to Revised Code Section 4731.341."

R.C. 4731.341 declares the practice of medicine by any person not holding a valid and current certificate to be inimical to the public welfare and to constitute a public nuisance and clearly sets forth the procedure to be followed to enjoin this nuisance.[1]

The second paragraph of this section states that before an action for an injunction can be maintained the Secretary of the State Medical Board must notify the person allegedly engaged in the unlawful practice of medicine that the secretary has received information that the person

---

[1] R.C. 4731.341 reads as follows:

"The practice of medicine in all of its branches, the treatment of human ailments without the use of drugs or medicines and without operative surgery, or the practice of midwifery by any person not at that time holding a valid and current certificate as provided by Chapter 4725. or 4731. of the Revised Code is hereby declared to be inimical to the public welfare and to constitute a public nuisance. The attorney general, the prosecuting attorney of any county in which the offense was committed or the offender resides, the state medical board, or any other person having knowledge of a person engaged in the practice of medicine without having first obtained a certificate to do so pursuant to such chapters, may on or after January 1, 1969, in accord with provisions of the Revised Code governing injunctions, maintain an action in the name of the state to enjoin any person from engaging in the unlawful practice of medicine in all of its branches, or the treatment of human ailments without the use of drugs or medicines and without operative surgery, or the practice of midwifery, by applying for an injunction in any court of competent jurisdiction.

"Prior to application for such injunction, the secretary of the state medical board shall notify the person allegedly engaged in the unlawful practice of medicine or any of its branches by registered mail that the secretary has received information indicating that this person is so engaged. Said person shall answer the secretary within thirty days showing that he is either properly licensed for the stated activity or that he is not in violation of Chapter 4731. of the Revised Code. If such answer is not forthcoming within thirty days after notice by the secretary, the secretary shall request that the attorney general, the prosecuting attorney of the county in which the offense was committed or the offender resides, or the state medical board proceed as authorized in this section.

"Upon the filing of a verified petition in court, the court shall conduct a hearing on the petition and shall give the same preference to this proceeding as is given all proceedings under sections 119.01 to 119.13, inclusive, of the Revised Code irrespective of the position of the proceeding on the calendar of the court.

"Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in Chapter 4731. of the Revised Code."

was engaged in the unlawful practice of medicine.

Within thirty days this person must respond to this allegation and show that he is either (a) properly licensed for the stated activity, or (b) not in violation of R.C. Chapter 4731.

If the secretary does not receive an answer within thirty days after he has given notice, he shall request (a) the attorney general, (b) the prosecuting attorney of the county in which the offense was committed or the offender resides, or (c) the state medical board to proceed with the injunction proceedings.

The statute clearly contemplates that a thirty-day response period be provided to the offender after written notice is given before a complaint requesting injunctive relief is maintained.

This notice and answer requirement eliminates any unnecessary litigation by providing the alleged offender an opportunity to show that he is not in violation of R.C. Chapter 4731. If the board receives a satisfactory response, there will be no reason remaining to maintain an action.

If the secretary of the board does not receive an answer from the alleged offender within thirty days after the giving of notice, R.C. 4731.341 expressly authorizes the commencement of an action to enjoin the unlawful practice of medicine.

Appellees argue that because of this express authorization, the only time that an action can be maintained is if the alleged offender fails to provide an answer within thirty days after notice. When and if an answer is forthcoming, appellees maintain that R.C. 4731.341 requires that an administrative hearing, in accordance with the provisions of R.C. Chapter 119, be held upon request. In other words, appellees maintain that R.C. 4731.341 expressly requires an administative hearing under R.C. Chapter 119 as a condition precedent to the injunction action.

This interpretation is clearly in error. R.C. 4731.341 is an independent special statute which expressly provides for an injunction action to abate a public nuisance, the unlawful practice of medicine. It does not provide for an administrative hearing. The first paragraph of R.C. 4731.341 establishes the public policy supporting this injunction action as protecting the general public from any harm which might result from the unlawful practice of medicine. It states:

"The practice of medicine in all of its branches, the treatment of human ailments without the use of drugs or medicines and without operative surgery, or the practice of midwifery by any person not at that time holding a valid and current certificate as provided by Chapter 4725. or 4731. of the Revised Code is hereby declared to be inimical to the public welfare and to constitute a public nuisance."

Furthermore, R.C. 119.12 deals with adjudications "* * * denying an applicant admission to an examination, or denying the issuance or renewal of a license, registration of a licensee, or revoking or suspending a license, * * *."

This court finds that no such adjudication was before the court below, but rather, it was an action to abate a public nuisance which was before it and as such did not require an administrative hearing.

To support their contention that it was the intention of the legislature to require an administrative hearing, appellee quotes the following statutory language from R.C. 4731.341:

"* * * The court shall conduct a hearing on the petition and shall give the same preference to this proceeding as is given all proceedings under sections 119.01 to 119.13, inclusive, of the Revised Code irrespective of the position of the proceeding on the calendar of the court."

The preference referred to in R.C. 4731.341 is that:

"The court [of common pleas] shall conduct a hearing on such appeal and shall give preference to all proceedings under sections 119.01 to 119.13 of the

Revised Code, over all other civil cases, irrespective of the position of the proceedings on the calendar of the court. * * *" R.C. 119.12.

This interpretation is also clearly in error. This court finds that by its express language, the only reference in R.C. 4731.341 to R.C. Chapter 119 deals with case scheduling for the purpose of expediting the hearing once the action is initiated in the court of common pleas. The court is instructed to give the same preference to an action for injunctive relief pursuant to R.C. 4731.341 as it would to an appeal from an adjudication order taken under R.C. 119.12. Appellees' attempt to interpret the statutory language as requiring an administrative hearing is erroneous.

All that was required was for the board to have reason to believe that appellees were engaged in the unlawful practice of medicine, and to have satisfied the notice requirements of the statute for it to be permitted to maintain an action to enjoin appellees from engaging in the unlawful practice of medicine.

In the action below, although appellant did provide appellees with notice, it failed to provide appellees with the entire thirty-day response period. Appellant sent the notice to appellees on October 6, 1978 and initiated the action before the thirty days had elapsed. Appellees received the notice after the action was initiated and complied with the statutory requirements by answering within thirty days.

There being no question that appellant failed to give appellees the thirty-day notice provided in R.C. 4731.341, we are presented with the question of whether appellees were prejudiced by not having the full thirty-day notice period. We find that appellees were not prejudiced.

Although it would certainly be preferable to give appellees the full thirty-day notice, the fact remains that in order for an injunction to be issued, the State Medical Board must still prove in the court of common pleas that appellees are engaged in the unlawful practice of medicine. At this hearing the State Medical Board has its burden and appellees will have their opportunity to demonstrate that they were not engaged in the unlawful practice of medicine. The fact that appellant did not wait a full thirty days before initiating the action did not prejudice appellees. To illustrate this point, if this court were to affirm the dismissal by the court below, then appellant's action for declaratory judgment and injunctive relief would be dismissed. The posture of the proceedings at this point would be that appellant's letter of October 6, 1978 would have satisfied the thirty-day notice requirement to appellees and appellant would then be free to initiate its lawsuit. The action would be advanced on the court's calendar pursuant to R.C. Chapter 119, and be ready for litigation. The practicalities are such that, in the interest of judicial economy and our finding that appellees will not be prejudiced, the same result is effected by this court's reversing the dismissal of the action by the court below. For these reasons the judgment is reversed and the cause is remanded to the trial court to proceed with the action for declaratory judgment and injunctive relief in accordance with the above entry.

*Judgment reversed and cause remanded.*

DAY, P.J., and MARKUS, J., concur.

CARROLL, J., of the Court of Common Pleas of Cuyahoga County, sitting by assignment in the Eighth Appellate District.