[Cite as *State ex rel. Right to Life Action Coalition of Ohio v. Capital Care of Toledo, L.L.C.*, 2022-Ohio-3266.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State ex rel. Right to Life Action
Coalition of Ohio, et al.

      Appellants

v.

Capital Care of Toledo, LLC, et al.

      Appellees

Court of Appeals No.  L-21-1177

Trial Court No.  CI0202101942

**<u>DECISION AND JUDGMENT</u>**

Decided:  September 16, 2022

* * * * *

Eugene F. Canestraro, for appellants.

Peter Pattakos, B. Jessie Hill, and Freda J. Levenson, for appellees.

* * * * *

**ZMUDA, J.**

**{¶ 1}** This matter is before the court upon appeal of the judgment of the Lucas County Common Pleas Court, dismissing the complaint of appellants Right to Life Action Coalition of Ohio, Greater Toledo Area Right to Life, and Jeffrey Barefoot

(collectively, Right to Life), and awarding sanctions to appellees Capital Care of Toledo, LLC and Amelia Stower (collectively, Capital Care). For the reasons that follow, we reverse, in part, and affirm, in part.

## I.     Background and Procedural History

{¶ 2} On July 21, 2021, Right to Life filed a verified complaint and motion for ex parte injunctive relief in the Wood County Court of Common Pleas. Right to Life alleged that jurisdiction and standing were proper under R.C. 4731.341(B), without the condition precedent of an administrative hearing. Right to Life further alleged that Capital Care provided medical abortions without a license to perform medical services, and sought an injunction to prevent Capital Care from providing medical abortions or any information regarding medical abortions, or from advertising or soliciting prospective patients or selling or delivering abortifacients to prospective patients. The complaint articulated claims for unauthorized practice of medicine in violation of R.C. 4731.34; practicing medicine without a license in violation of R.C. 4731.41; and injunctive relief pursuant to R.C. 4731.341. Added to the pleading following the prayer for relief, Right to Life included this paragraph:

### Declaratory Relief

Should this Court determine extraordinary Injunctive Relief is not in
order, Plaintiffs petition the Court to find a justiciable controversy and
issues of fact and law exists as presented, which permits and/or requires

2.

this court to rule on the claims presented pursuant to the Court's inherent

Declaratory Judgment powers identified within RC 2721. et seq., As such,

Plaintiff request [sic.] Declaratory Relief on the issues presented herein.[1]

Right to Life filed a contemporaneous motion seeking an ex parte temporary restraining order. Right to Life did not notify the state medical board prior to filing the verified complaint and motion.

{¶ 3} The trial court in Wood County denied the request for an ex parte temporary restraining order on two bases: "(1) that [Right to Life et al.] have failed to satisfy the notice provision contained in R.C. 4731.341; and (2) that [Right to Life et al] have failed to establish that the grant of an ex parte TRO is appropriate due to emergency circumstances." As to the first finding, the trial court noted that "notification is separate and apart from the proceedings," relying on the authority of *State Medical Bd. of Ohio v. Mt. Sinai Hosp.,* 8 Ohio App.3d 105, 108, 456 N.E.2d 577 (8th Dist.1983).

{¶ 4} On March 15, 2021, Right to Life filed a notice of filing a complaint with the State Medical Board, pursuant to R.C. 4731.341.

{¶ 5} Capital Care appeared in the case in Wood County and requested a transfer of venue to Lucas County, with a request for legal fees under Civ.R. 3(D)(2). Right to Life opposed the motion, arguing the venue provisions of Civ.R. 3 did not apply to an

---

[1] This additional language, included at the end of the pleading, was not addressed by the trial court and the parties did not raise the issue in the trial court of separate standing, independent of the statutory grant of standing under R.C. 4731.341.

3.

action under R.C. 4731.341, as a special statutory proceeding. On May 4, 2021, the Wood County court granted the motion, with the decision on legal fees deferred to the transferee court in Lucas County.

{¶ 6} In Lucas County, the case was assigned to the docket of a non-commercial docket judge. Right to Life sought a transfer to the commercial docket pursuant to Sup.R. 49.05(E), alleging false advertising as the "commercial" claim. The assigned judge addressed the motion, finding Right to Life's claim did not meet the threshold requirement of a dispute between two business entities under section (E) of Sup.R. 49.05, and denied the motion to transfer. Specifically, the trial court determined that there was no dispute between two business entities or individuals relative to a business relationship. Right to Life did not seek review of this decision to the administrative judge as provided by Lucas C.P. 5.08(D)(1). The trial court continued the matter for briefing on Capital Care's motion to dismiss, filed in conjunction with their motion for transfer of venue on May 4, 2021.

{¶ 7} On July 21, 2021, Capital Care filed a notice of the medical board's July 19, 2021 disposition of Right to Life's R.C. 4731.341 complaint. The medical board determined "that no further action was required by the Board and the complaint has been closed." This notice identified the authority for the board investigation, R.C. 4731.22, governing disciplinary and complaint processes.

4.

{¶ 8} On September 1, 2021, the trial court granted Capital Care's motion to dismiss and entered a dismissal pursuant to Civ.R. 12(B)(6), for failure to state a claim. The trial court also directed Capital Care to submit evidence of its attorney fees for an award of costs and fees under Civ.R. 3(D)(2), in relation to Right to Life's original filing in an improper venue. On September 30, 2021, Right to Life filed an appeal of the judgment of dismissal On October 26, 2021, we stayed the appeal and remanded for the purpose of addressing the issue of the award of costs and fees under Civ.R. 3(D)(2).

{¶ 9} On October 27, 2021, Capital Care filed a motion for sanctions, arguing frivolous conduct under R.C. 2323.51 and Civ.R. 11. As support, Capital Care attached documentary evidence that supported the claim that Right to Life filed suit despite knowledge that their underlying claim lacked any legal basis, as well as evidence to support the contention that Right to Life employed the strategy of litigation to pressure Capital Care out of business.

{¶ 10} On December 16, 2021, the trial court granted attorney fees pursuant to Civ.R. 3(D)(2) in the amount of $4,815.00,[2] after Right to Life waived objections and hearing regarding the documents produced by Capital Care. Capital Care's new motion for sanctions remained pending.

{¶ 11} On December 22, 2021, we extended our remand of the case for the trial court's consideration of the motion for sanctions. Right to Life opposed the motion for

---

[2] The trial court stated an amount of $4,715.00 in the December 16, 2021 entry, but corrected the typographical error with a nunc pro tunc entry on January 12, 2022.

sanctions, and on January 31, 2022, Right to Life filed its own motion for sanctions, arguing the application for sanctions by Capital Care constituted a frivolous motion, sanctionable in accordance with R.C. 2323.51 and Civ.R. 11.

{¶ 12} The trial court held a hearing on the Capital Care motion for sanctions on February 8, 2022. As part of that hearing, Edward Sitter, the executive director of Greater Toledo Right to Life, and Jeffrey Barefoot testified regarding the basis for the lawsuit. Additionally, Sitter and Barefoot testified that Right to Life filed suit in Wood County as the preferred venue. Sitter also acknowledged he had spoken at a rally in October and characterized the trial court as "another political hack for the Democratic party." The trial court took Capital Care's motion under advisement at the close of the hearing, and scheduled hearing on Right to Life's sanctions motion for March 11, 2022, to permit time for the parties to complete briefing on the motion.

{¶ 13} On February 22, 2022, we extended the period of remand for a final, appealable order related to attorney fees under Civ.R. 3(D)(2) and to address new motions for sanctions upon the request of Capital Care. The remand was extended for the trial court's consideration of the R.C. 2323.51 and Civ.R. 11 motions until March 24, 2022.

{¶ 14} On March 9, 2022, the trial court denied Right to Life's motion for sanctions, finding hearing unnecessary. The trial court granted the motion of Capital Care, in part, awarding $1,288.00 for fees and costs incurred in opposing Right to Life's

6.

motion to transfer the matter to the commercial docket. The trial court found no cause for sanctions based on the filing of the case by Right to Life, but found "the attempt to move the case to the commercial docket was frivolous and an attempt to get a jurist other than this Court to hear the matter."

{¶ 15} On March 21, 2022, we reinstated the appeal and granted Right to Life leave to file an amended notice of appeal. On May 6, 2022, Right to Life filed an amended notice of appeal, challenging the final judgment entered December 16, 2021, and amended by nunc pro tunc on January 12, 2022, awarding fees pursuant to Civ.R. 3(D)(2), and appealing the judgment awarding attorney fees as a sanction for frivolous conduct, entered March 9, 2022.

## II. Assignments of Error

{¶ 16} The trial court dismissed the complaint for lack of standing, awarded attorney fees under Civ.R. 3(D)(2), and awarded sanctions under R.C. 2323.51 and Civ.R. 11. In challenging these judgments, Right to Life asserts the following assignments of error:

> 1. The Trial Court Erred *within the August 31, 2021, Judgment Entry* when it found, under a 12(B)(6) review, that Plaintiffs did not have standing to sue under R.C. 4731.341 since 4731.341 *specifically identifies* Appellants/Plaintiffs, who claim to be "knowledgeable persons," as a class of persons with standing. [Emphasis sic.]

7.

2. *Within the August 31, 2021, Judgment Entry* the Trial Court Erred when it failed to discuss and acknowledge that Plaintiffs have a separate and distinct "standing" to sue, with or without injunctive relief, under their RC 2721 Claim/Prayer, through RC 4731 and RC 2919 – all as identified within Appellants/Plaintiff's Verified Complaint.  [Emphasis sic.]

3. *Within the August 31, 2021, Judgment Entry* the Trial Court's refusal to address Plaintiffs' RC 2721 claims for Declaratory Relief before Dismissing Plaintiff's Verified Complaint creates "plain error" qualifying as an exceptional miscarriage of justice, having substantial adverse impact on the integrity of and the public's confidence in judicial proceedings. [Emphasis sic.]

4. *Within the March 9, 2022, Judgment Entry* the Trial Court Erred in not permitting Plaintiffs [sic.] Motion for Sanctions to proceed to Hearing once it was shown to have "arguable merit." [Emphasis sic.]

5. *Within the March 9, 2022, Judgment Entry,* the Trial Court Erred in awarding Defendants' legal fees upon the determination – Plaintiff's act of filing a Motion to Transfer to the Commercial Docket was "frivolous." [Emphasis sic.]

6. The Trial Court Erred and abused its discretion when it awarded Defendants $4,815.00 in legal fees (within the *Nunc Pro Tunc **ORDER**,*

8.

*"NPT," January 12, 2022*) after determining, without hearing, discussion or finding under Civ.R. 3(d) – the original filing of the pleading in Wood County, Ohio was improper. [Emphasis sic.]

## III.     Analysis

{¶ 17} Right to Life's first assignment of error challenges the trial court's dismissal for lack of standing under R.C. 4731.341.  The second and third assignments of error challenge the trial court's failure to address the request for declaratory judgment as a separate claim under R.C. 2721, arguing plain error based on a right to access to the courts to consider a verified complaint.  Right to Life's fourth and fifth assignments of error challenge the March 9, 2022 judgment awarding attorney fees under R.C. 2323.51, and denying the reciprocal motion for sanctions.  The final assignment of error challenges the award of attorney fees and costs under Civ.R. 3(D)(2).  We address the assignments of error according to the issues presented: (1) standing to pursue claims and (2) attorney fees/costs under R.C. 2323.51 and Civ.R. 11, or under Civ.R. 3(D)(2).

## A.     Standing

{¶ 18} In the first assignment of error, Right to Life challenges the trial court's finding of lack of standing to pursue a claim under R.C. 4731.341, based on a failure to comply with the 30-day notice provision as construed by the trial court to be contained within the statute.  In their second assignment of error, Right to Life argues the trial court erred in failing to address the issue of standing based on a separate right to sue under

9.

R.C. 4731. and R.C. 2919., through a declaratory judgment action under R.C. 2721. In their third assignment of error, Right to Life argues the trial court committed plain error in not proceeding to the merits of their verified complaint after finding no standing. We address each assignment of error in turn.

{¶ 19} Right to Life alleged standing, in the name of the State of Ohio, as provided by R.C. 4731.341(B), which states:

> The attorney general, the prosecuting attorney of any county in which the offense was committed or the offender resides, the state medical board, *or any other person having knowledge* of a person who either directly or by complicity is in violation of division (A) of this section, may on or after January 1, 1969, in accord with provisions of the Revised Code governing injunctions*, maintain an action in the name of the state* to enjoin any person from engaging either directly or by complicity in the unlawful activity by applying for an injunction in the Franklin county court of common pleas or any other court of competent jurisdiction.

> Prior to application for such injunction, *the secretary of the state medical board shall notify the person allegedly engaged* either directly or by complicity in the unlawful activity by registered mail that the secretary has received information indicating that this person is so engaged. Said person shall answer the secretary within thirty days showing either that the

person is properly licensed or certified for the stated activity or that the person is not in violation of Chapter 4723. or 4731. of the Revised Code. If the answer is not forthcoming within thirty days after notice by the secretary, the secretary shall request that the attorney general, the prosecuting attorney of the county in which the offense was committed or the offender resides, or the state medical board proceed as authorized in this section.

* * *

R.C. 4731.341(B) (emphasis added.). R.C. 4731.341(A) prohibits the practice of medicine, including providing therapeutic drugs, unless the practitioner has a "valid and current license or certificate as provided by Chapter 4723., 4725., or 4731. of the Revised Code[.]"

{¶ 20} The trial court dismissed the action pursuant to Civ.R. 12(B)(6), for failure to state a claim, based on a lack of sufficient allegations to demonstrate standing as the trial court read into the language of R.C. 4731.341. We apply de novo review in addressing the both dismissal under Civ.R. 12(B)(6) and to the trial court's interpretation of the statute. *See Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v. Berretta U.S.A. Corp,* 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 4-5 ("An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review."); *Wayt v. DHSC, L.L.C.,* 155 Ohio St.3d 401,

2018-Ohio-4822, 122 N.E.3d 92, ¶ 15 ("The standard of review for questions of statutory interpretation is de novo.").

{¶ 21} "In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756 (1988). Dismissal is only appropriate where it appears "beyond doubt from the complaint" that there are no facts alleged that, if true, would support the relief sought. (Citation omitted.) *O'Brien v. University Community Tenants Union, Inc.,* 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). A complaint need not contain every fact necessary to prove the case, but a plaintiff must still allege sufficient facts to support the cause of action. *Haas v. Stryker,* 6th Dist. Williams No. WM-12-004, 2013-Ohio-2476, ¶ 8, citing *Beretta* at ¶ 5.

{¶ 22} As an initial matter, we note the very narrow, procedural issue on appeal relative to standing, whether the grant of standing under R.C. 4731.341 is contingent on notice prior to injunctive relief.[3] The trial court looked to the pleadings in making its determination, and noted the lack of an allegation that Right to Life filed a complaint with the state medical board. Based on the trial court's interpretation of R.C. 4731.341, the trial court found Right to Life did not satisfy the statutory requirement, mandating a

---

[3] The parties argue the merits of the Right to Life complaint, in addition to addressing the procedural issue before this court. The merits are not before the court in the present appeal.

12.

report to the state medical board so that Capital Care could receive the required notice and have 30 days to respond to Right to Life's allegations, prior to suit. Relying on the decision in *State Medical Bd. of Ohio v. Mt. Sinai Hosp.,* 8 Ohio App.3d 105, 107, 465 N.E.2d 577 (8th Dist.1983), the trial court noted the statute contemplates the 30-day response period prior to seeking injunctive relief, finding this procedure eliminated "any unnecessary litigation by providing the alleged offender an opportunity to show that he is not in violation of R.C. Chapter 4731." *Mt. Sinai* at 107. The trial court interpreted this language as stating a standing requirement, rather than a procedural step.

{¶ 23} In *Mt. Sinai,* the state medical board sent a 30-day letter to Mt. Sinai Hospital, challenging the administration of anesthesiology by anesthesiology assistants, requiring the hospital to demonstrate the assistants were properly licensed to administer anesthesia to patients or otherwise not acting in violation of R.C. Chapter 4731. *Mt. Sinai* at 105. The board filed its complaint 4 days later in the common pleas court. *Id.* The hospital responded to the letter, providing information to demonstrate no violation of R.C. Chapter 4731. The hospital requested a hearing before the board to present their position. *Id* at 106. After negotiations between the parties ended without resolution, the board filed a motion for preliminary injunction, and the hospital filed a motion to dismiss, citing the board's failure to follow the procedure outlined by R.C. 4731.341. The trial court dismissed the action, and the board appealed. *Id.*

13.

{¶ 24} In reversing, the Eighth District Court of Appeals noted the procedure, requiring a 30-day response period prior to bringing an action against an alleged offender of R.C. 4731.341. *Id.* at 107. However, while the procedure was not followed prior to filing suit in *Mt. Sinai,* the Eighth District found no prejudice to the hospital, as the hospital provided a response within the 30 days and the board did not pursue injunctive relief until after that 30-day period had expired. *Mt. Sinai* at 108. The Eighth District determined that "[a]lthough it would certainly be preferable to give [the hospital] the full [30]-day notice, the fact remains that in order for an injunction to issue, the State Medical Board must still prove in the court of common pleas that [the alleged offenders] are engaged in the unlawful practice of medicine." *Id.*

{¶ 25} The facts in the present case, relative to notice, are slightly different. While Right to Life filed their suit for injunction and other relief without notice, the trial court in Wood County denied the ex parte TRO as untimely and without evidence of proper notice. The Wood County court also acknowledged that notice prior to seeking injunction was separate from the substantive matters within the pleading. Furthermore, Right to Life did file a complaint with the state board, and Capital Care had a 30-day period to respond before the trial court took any action.

{¶ 26} In granting the dismissal, the trial court determined the lack of a 30-day notice prior to suit resulted in a lack of standing on the part of Right to Life. In doing so,

14.

the trial court construed the 30-day notice requirement as a standing requirement. We read no such standing requirement into the statute.

{¶ 27} In construing a statute, we begin with legislative intent. *State ex rel. Clay v. Cuyahoga County Medical Examiner's Office,* 152 Ohio St.3d 163, 2017-Ohio-8714, 94 N.E.3d 498, ¶ 14, citing *Caldwell v. State,* 115 Ohio St. 458, 466, 154 N.E. 792 (1926). To discern this intent, we first look to the words the legislature used. *Id.,* citing *United States v. Wiltberger,* 18 U.S. 76, 95-96, 5 Wheat. 76, 5 L.Ed. 37 (1820). "Where there is no ambiguity, we must abide by the words employed by the General Assembly, * * * and have no cause to apply the rules of statutory construction." *Id.* at ¶ 15, citing *State v. Waddell,* 71 Ohio St.3d 630, 631, 646 N.E.2d 821 (1995); *Hulsmeyer v. Hospice of Southwest Ohio, Inc.,* 142 Ohio St.3d 236, 2014-Ohio-5511, 29 N.E.3d 903, ¶ 22-23.

{¶ 28} A plain reading of the statute demonstrates no requirement for "any other person having knowledge" to provide notice as part of the grant of standing. Instead, R.C. 4731.341(B) expressly permits "any other person having knowledge" to "maintain an action in the name of the state to enjoin any person from engaging either directly or by complicity in the unlawful activity by applying for an injunction in the Franklin county court of common pleas or any other court of competent jurisdiction." In a separate paragraph, the statute outlines procedure, requiring the secretary of the state medical board to notify the alleged offender and provide a 30-day period for response, prior to application for an injunction under the statute. R.C. 4731.341(B).

15.

{¶ 29} Consistent with the interpretation in *Mt. Sinai, the procedure* for seeking injunctive relief required notice by the medical board and a 30-day response period. The statutory grant of standing to "any other person" is not conditioned on this notice, with no language within the statute linking this notice obligation to the standing of "any other person." On the issue of standing, accordingly, the statute is not ambiguous, and the plain meaning must be applied. We therefore find the trial court erred in reading a standing requirement into the procedural step, and basing the dismissal on that error. Right to Life's first assignment of error is well-taken.

{¶ 30} In the second and third assignments of error, Right to Life argues the trial court erred in failing to "discuss and acknowledge" separate standing under R.C. 2721, and erred in failing to address the merits of a claim for declaratory relief.[4] Although we determined the trial court erred in finding R.C. 4731.341 did not confer standing, we find it necessary to address this claimed error regarding standing to pursue declaratory judgment.

{¶ 31} It is well settled law that a "person or entity seeking relief must establish standing to sue" with a minimal showing of "(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the

---

[4] Right to Life argues separate standing under R.C. Chapter 2721 and R.C. 2919.123. Right to Life's statement of standing was limited to R.C. 3741.431, with mention of a court's "inherent Declaratory Judgment powers" and no reference to standing under R.C. 2919.123.

16.

requested relief." (Citations omitted) *ProgressOhio.org., Inc. v. JobsOhio,* 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101, ¶ 7. The Declaratory Judgment Act contains provisions identifying persons who may seek declaratory relief, including "any person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise." R.C. 2721.03. One bringing suit on behalf of a trust, an infant, a decedent's estate, an incompetent person, or an insolvent person to seek a declaration of rights and legal relations of the person represented may also have standing. *See* R.C. 2721.05.

{¶ 32} In this case, Right to Life's pleading is devoid of any facts to demonstrate standing under any section of R.C. Chapter 2721. The brief statement within the pleading regarding declaratory judgment, moreover, generally references "the issues presented herein" and does not identify the specific relief sought by Right to Life, separate from the relief requested under R.C. 4731.431. However, most significantly, Right to Life failed to address this separately claimed standing in opposing Capital Care's motion to dismiss, arguing only standing under R.C. 4731.431. Thus, Right to Life waived any claim to standing under R.C. Chapter 2721. *See ProgressOhio* at ¶ 17 (finding failure to raise claim of standing in the trial court results in waiver on appeal).

17.

{¶ 33} Because Right to Life waived any claim to standing under R.C. Chapter 2721, we need not address claims of error related to the merits of a declaratory judgment action, as Right to Life may only pursue this claim if it demonstrates it has standing to sue. *ProgressOhio* at ¶7. Accordingly, we find Right to Life's second and third assignments of error not well-taken.

### B. Attorney Fees and Costs

{¶ 34} Right to Life's remaining assignments of error address the trial court's judgment related to an award of attorney fees and costs, after consideration of the various motions pursuing such awards. Capital Care first requested attorney fees and costs pursuant to Civ.R. 3(D)(2), as part of the motion seeking a change of venue. After we remanded the matter for consideration of an award under Civ.R. 3(D)(2), Capital Care sought additional sanctions pursuant to R.C. 2323.51 and Civ.R. 11. Right to Life responded with its own motion for sanctions pursuant to R.C. 2323.51 and Civ.R. 11. Right to Life now challenges the trial court's partial grant of sanctions to Capital Care, the summary denial of Right to Life's motion for sanctions, and the award of attorney fees and costs pursuant to Civ.R. 3(D)(2), out of chronological order. We address the remaining assignments of error in turn.

### 1. R.C. 2323.51 and Civ.R. 11

{¶ 35} Right to Life's fourth and fifth assignments of error challenge the trial court's determination regarding sanctions awarded to Capital Care and the trial court's

18.

summary denial of sanctions to Right to Life. Capital Care sought sanctions for frivolous conduct pursuant to R.C. 2323.51 and sanctions under Civ.R. 11, citing numerous issues.[5] In response, Right to Life sought sanctions, arguing Capital Care's sanctions motion was frivolous pursuant to R.C. 2323.51 and improper under Civ.R. 11. The trial court denied all relief, with the exception of an award to Capital Care for frivolous conduct involved in Right to Life's motion to transfer the suit to the commercial docket. The trial court denied Right to Life's motion for sanctions without hearing.

{¶ 36} Our standard for review differs depending on whether we are reviewing sanctions under R.C. 2323.51 or Civ.R. 11. Sanctions awarded pursuant to R.C. 2323.51 present a mixed question of law and fact on appeal, while an award of sanctions under Civ.R. 11 is subject to abuse of discretion review. (Citations omitted.) *Tillimon v. Pennington,* 6th Dist. Lucas No. L-19-1157, 2019-Ohio-1031, ¶ 25-26.

{¶ 37} The parties each sought sanctions pursuant to R.C. 2323.51 which permits an award, after notice and hearing, as sanction for frivolous conduct. R.C. 2323.51(B). "Under R.C. 2323.51(B)(1), a court may award costs, reasonable attorney fees, and other reasonable expenses incurred by a party adversely affected by the frivolous conduct." *State ex rel. Bell v. Madison Cty. Bd. of Commrs.*, 139 Ohio St.3d 106, 2014-Ohio-1564, 9 N.E.3d 1016, ¶ 13.

---

[5] Capital Care's motion for sanctions argued three bases for an award under R.C. 2323.51: (1) Right to Life's lawsuit was wholly unwarranted under Ohio Law; (2) Right to Life filed the lawsuit based on facts known to lack evidentiary support; and (3) Right to Life filed suit for an improper purpose, to harass and maliciously injure Capital Care.

{¶ 38} Frivolous conduct, under the statute, is defined as conduct satisfying any of the following:

(i)It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2).

{¶ 39} The parties also each sought sanctions under Civ.R. 11, arguing the opposing party's attorneys had actual knowledge that the claims and/or motions could not

be maintained under Ohio law. Capital Care, specifically, argued that Right to Life continued to litigate its claims despite actual knowledge of adverse law, and actively sought more favorable judges by filing first in Wood County and then seeking to transfer the matter to the commercial docket. This conduct, Capital Care argued, demonstrated personal animus and the type of willful misconduct that merits sanctions under Civ.R. 11.

{¶ 40} In response, Right to Life argued Capital Care presented "fictionalized" facts and "manipulate[d] the records they brazenly and insolently offer[ed]" to the trial court "in order to spin or create 'facts' to fit their improper mission of denigration." Right to Life argued that Capital Care's conduct in seeking sanctions, alone, was "a current day attempt of throwing the opposition into *Jeremiah's Cistern,*" meriting an award of sanctions.

{¶ 41} We note that the only sanctions awarded by the trial court were for Right to Life's *frivolous* conduct in pursuing a transfer to the commercial docket, with no finding of any willful violation, relevant to an award of sanctions pursuant to Civ.R. 11. Capital Care raised no challenge to the trial court's failure to address willful conduct on appeal. Accordingly, we limit our consideration to the determination of frivolous conduct, relative to Right to Life's fifth assignment of error.

{¶ 42} A trial court's determination of frivolous conduct pursuant to R.C. 2323.51 is reviewed de novo, without deference to the trial court's findings. *Tillimon* at ¶ 26, citing *Krohn v. Krohn*, 2017-Ohio-408, 84 N.E.3d 249, ¶ 28 (6th Dist.) (additional

21.

citations omitted.)  If frivolous conduct occurred and sanctions are appropriate, however, we do not disturb the award absent an abuse of discretion.  *Id.*  An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 43} Frivolous conduct is considered based on the reasonable attorney standard, an objective consideration of what a reasonable lawyer would have done.  "If no reasonable lawyer would have pursued an action, based on existing law, that action is frivolous."  *Tillimon* at ¶ 31, citing *Middlebrooks v. Bank of Am.,* 6th Dist. Lucas No. L-12-1093, 2013-Ohio-1592, ¶ 14.  The purpose of R.C. 2323.51 is to "deter abuse of the judicial process by penalizing sanctionable conduct that occurs during litigation."  *Zamlen-Spotts v. Keco*, 2019-Ohio-5048, 150 N.E.3d. 363, ¶ 57 (11th Dist.).

{¶ 44} In addressing the issue of sanctions under R.C. 2323.51, we balance the goal of deterrence against the danger of chilling legitimate claims.  *Ohio Civil Rights Comm. v. Hartlett,* 132 Ohio App.3d 341, 347, 724 N.E.2d 1242 (6th Dist.1999).  Thus, sanctions are proper for egregious conduct and not for mere error.  "Merely proving that a party's factual assertion was incorrect is not sufficient to demonstrate that the party's conduct was frivolous."  *Tillimon* at ¶ 33, quoting *State ex rel. Bristow v. Wilson,* 6th Dist. Erie Nos. E-17-060, E-17-067, E-17-070, 2018-Ohio-1973, ¶ 28 (additional citation omitted.).

22.

{¶ 45} In this case, Right to Life's counsel filed a motion to transfer the matter to the specialized commercial docket, as provided by rule. *See* Sup.R. 49; Lucas C.P. Local Rule 5.08. Capital Care filed a brief in opposition. After the trial court denied the motion, counsel pursued the matter no further. *See* Local Rule 5.08 (permitting further review of a denial of a motion to transfer by the court's administrative judge). The purpose of the specialized commercial docket is to place business disputes before a commercial docket judge, or a jurist other than the assigned, non-commercial docket judge.

{¶ 46} At hearing on the motion for sanctions, Capital Care elicited testimony from Edward Sitter, the executive director of Greater Toledo Right to Life, that he considered the trial court a "political hack" and wanted a different judge to hear Right to Life's case. In determining Right to Life's conduct as frivolous, the trial court referenced the "political hack" sentiment, but made no finding of egregious conduct based on the transfer motion filing, otherwise permitted by local rule, and failed to address any adverse effect on Capital Care as a consequence of that filing. Considering this record, we find no support for the trial court's factual determination regarding frivolous conduct. Accordingly, we find Right to Life's fifth assignment of error well-taken.

{¶ 47} As to Right to Life's fourth assignment of error, however, we find no error. Right to Life argues they were entitled to sanctions pursuant to R.C. 2323.51 and Civ.R. 11, and entitled to hearing on the matter, because Capital Care's motion for sanctions was

23.

frivolous and willful. Nothing in the record supports this assertion, applying either the subjective, reasonable attorney standard or the objective, "willful conduct" standard. Furthermore, "[i]t is well-settled that R.C. 2323.51 requires a hearing only on those motions which demonstrate arguable merit," and the decision to hold a hearing is within the trial court's sound discretion. (Citations omitted.) *Gitler v. Cadle, Co.,* 6th Dist. Lucas No. L-03-1129, 2004-Ohio-220, ¶¶ 13-14. Based on the record, we find Right to Life's fourth assignment of error not well-taken.

### 2. Civ.R. 3(D)(2)

{¶ 48} In the sixth and final assignment of error, Right to Life argues the trial court erred in awarding legal fees under Civ.R. 3(D)(2) "without hearing, discussion or finding" that the Wood County filing was improper. Right to Life waived hearing in the trial court after learning it would be "limited to only contesting time sheets, *not the merits,* as the Trial Court skipped right to demanding time sheets and affidavits." Right to Life argues their choice of venue in Wood County was not frivolous or actionable, meriting attorney fees. However, Right to Life does not raise, as part of this appeal, any error in the decision concerning venue. *See* Civ.R. 3(H)(providing venue is not jurisdictional for purposes of collateral attack, but "nothing here shall affect the right to appeal an error of court concerning venue."). The Wood County Court of Common Pleas determined venue was improper, after addressing the merits of Right to Life's argument,

24.

and all that remained was a determination of whether fees would be awarded under Civ.R. 3(D)(2).

{¶ 49} We review a decision to award legal fees and costs under Civ.R. 3(D)(2) for an abuse of discretion. *Premier Assoc., Ltd. v. Loper,* 149 Ohio App.3d 660, 2002-Ohio-5538, 778 N.E.2d 630, ¶ 58 (2d Dist.). An abuse of discretion requires more than an error of law or judgment, and necessitates a finding that the trial court acted unreasonably, arbitrarily, or unconscionably. *Tracy v. Merrell Dow Pharmaceuticals, Inc.,* 58 Ohio St.3d 147, 152, 569 N.E.2d 875 (1991).

{¶ 50} As provided by Civ.R. 3(D)(2), "When an action is transferred to a county which is proper, the court may assess costs, including reasonable attorney fees, to the time of transfer against the party who commenced the action in a county other than stated to be proper in division (C) of this rule." The rule permits a sanction as a "curb upon the party who deliberately or heedlessly files an action in a county where venue is not proper thereby causing these additional expenses." *Premier Assoc.* at ¶ 57, quoting *State ex rel. Paul v. Ohio State Racing Comm.,* 60 Ohio App.3d 112, 120-121, 574 N.E.2d 587 (10th Dist.1989).

{¶ 51} Right to Life argues the trial court needed to find their choice of venue was frivolous to merit fees, but Civ.R. 3(D)(2) contemplates a sanction separate from that provided for frivolous conduct under R.C. 2323.51. Simply put, Civ.R. 3(D)(2) permits attorney fees and costs against a party commencing action in an improper venue. The

25.

parties briefed the issue of proper venue in Wood County, and Capital Care requested attorney fees and costs under Civ.R. 3(D)(2), based on Right to Life's filing in an improper venue. The Wood County court determined Right to Life commenced the suit in an improper venue, a decision not immediately appealable, but capable of review by this court upon appeal. *See* Civ.R. 3(H).

{¶ 52} We find no authority that would have permitted the trial court to review the Wood County court's decision, finding venue improper in Wood County. Instead, Civ.R. 3(D)(2) granted the trial court discretion to consider and award fees and costs related to the transfer of venue. *See Atwood Resources, Inc. v. Lehigh,* 98 Ohio App.3d 293, 298, 648 N.E.2d 548 (5th Dist.1994) ("This rule unambiguously gave the [trial court] the necessary authority to enter its award of reasonable attorney fees against appellant for appellees' successful challenge of venue[.]").

{¶ 53} Right to Life, while objecting to any award of legal fees, raised no objection to the amounts claimed in fees by Capital Care, finding hearing on their "spreadsheet" unnecessary. With no dispute regarding the itemization of attorney fees, and no challenge to the finding that venue in Wood County was improper, we find no abuse of discretion by the trial court in awarding attorney fees and costs under Civ.R. 3(D)(2) in the amount of $4,815.00. Right to Life's sixth assignment of error, accordingly, is not well-taken.

26.

## IV. Conclusion

{¶ 54} Based on the foregoing, we find the trial court erred in entering dismissal of Right to Life's complaint under R.C. 4731.431, and erred in awarding sanctions to Capital Care for frivolous conduct, relative to the Right to Life motion seeking transfer to the commercial docket.

{¶ 55} The judgment of dismissal of the Lucas County Court of Common Pleas, entered August 31, 2021, is reversed and vacated as to the claim under R.C. 2731.341, and the judgment entered March 9, 2022 awarding attorney fees as a sanction for frivolous conduct under R.C. 2323.51 is reversed and vacated. The denial of sanctions to Right to Life is affirmed, and the judgment awarding attorney fees and costs in the amount of $4,815.00, pursuant to Civ.R. 3(D)(2), is affirmed. The parties are ordered to split the costs of this appeal as provided by App.R. 24.

Judgment reversed
and vacated, in part,
and affirmed, in part.

State ex rel., Right to Life Action
Coalition of Ohio, et al.
v. Capital Care of Toledo, LLC, et al.
L-21-1177

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                          JUDGE

Thomas J. Osowik, J.

                                   _____
Gene A. Zmuda, J.                         JUDGE
CONCUR.

                                   _____
                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.